### WINKLER v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. March 24, 1924. Rehearing Denied May 5, 1924.)

No. 4159.

Criminal law ⊕⇒394—Ruling that arrest by prohibition officer was on probable cause, and his testimony therefore competent, not abuse of discretion.

Where a prohibition-officer, who entered a soft drink establishment with a search warrant, testified that he arrested accused because he saw a bottle containing distilled spirits protuding from his pocket, the court did not abuse his discretion, on motion for directed verdict, in ruling that he had reasonable and probable cause to believe that a crime was being committed in his presence, and that his testimony was therefore competent.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Chester C. Winkler was convicted of possessing intoxicating liquor, in violation of the National Prohibition Act, and he brings error. Affirmed.

T. D. Page, of Seattle, Wash., for plaintiff in error.

Thomas P. Revelle, U. S. Atty., and J. W. Hoar, Sp. Asst. U. S. Atty., both of Seattle, Wash.

Before ROSS, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. The plaintiff in error was convicted of the crime of possessing intoxicating liquor in violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). Before the trial he interposed a motion for the return of intoxicating liquor taken from his person at the time of his arrest, or in lieu thereof to suppress all evidence in reference thereto, and all other evidence,

knowledge of which was gained from the search of his person. The motion was supported by affidavit, but the affidavit itself does not appear in the record. The court granted the motion to suppress, unless it should appear from the testimony adduced at the trial that the search complained of was not unreasonable.

At the trial a federal prohibition agent testified that he entered a soft drink establishment, in the city of Seattle, at about 10 o'clock at night, armed with a search warrant; that he attempted to purchase liquor over the bar, but was refused; that he then entered a small room at the rear of the bar, where he found a number of men under the influence of liquor; that he again asked to purchase liquor, and was again refused; that plaintiff in error turned, as if to walk away; that he saw a pint bottle of distilled spirits sticking out of his pocket, partly full; that he placed him under arrest, and found another pint of distilled spirits in another pocket Except as to the possession of the liquor, the testimony of the officer was contradicted by the plaintiff in error. At the close of the testimony the plaintiff in error moved for a directed verdict. The motion was denied, and the competency of the testimony of the officer is the only question before us for consideration.

"That an officer may not make an arrest for a misdemeanor not committed in his presence, without a warrant, has been so frequently decided as not to require citation of authority. It is equally fundamental that a citizen may not be arrested on suspicion of having committed a misdemeanor, and have his person searched by force, without a warrant of arrest. If, therefore, the arresting officer in this case had no other justification for the arrest than the mere suspicion that a bottle, only the neck of which he could see protruding from the pocket of defendant's coat, contained intoxicating liquor, then it would seem to follow without much question that the arrest and search without first having secured a warrant, were illegal." Snyder v. United States (C. C. A.) 285 Fed. 1.

To the same effect, see Purkey v. Maby, 33 Idaho, 281, 193 Pac. 79.

"Some things are to be more deplored than the unlawful transportation of whisky; one is the loss of liberty. Common as the event may be, it is a serious thing to arrest a citizen, and it is a more serious thing to search his person; and he who accomplishes it must do so in conformity to the laws of the land. There are two reasons for this: One to avoid bloodshed, and the other to preserve the liberty of the citizen. Obedience to law is the bond of society, and the officers set to enforce the law are not exempt from its mandates." Town of Blacksburg v. Beam, 104 S. C. 146, 88 S. E. 441, L. R. A. 1916E, 714.

"When an officer is authorized by statute to arrest for a misdemeanor committed in his presence or on discovering a person committing a misdemeanor, to justify arrest, the officer must have personal knowledge acquired at the time through his hearing, sight, or other sense of the present commission of the crime by the accused. But this does not preclude the idea that the requisite knowledge may be based on a practically certain inference drawn by a reasonable mind from the testimony of the senses. An offense is in the view of the officer when his senses afford him knowledge that it is being committed. * * * Whether the offense was committed in the presence of the officer in this sense is primarily a question for the trial judge, and his finding should not be disturbed on appeal unless it is without support in the evidence." Snyder v. United States, supra.

Here the officer testified that he saw a bottle containing distilled spirits protruding from the pocket of the plaintiff in error, before making the arrest, and if this testimony is taken at its face value, it suffi-

ciently appeared that an offense was committed in his presence. Of course, the question might arise as to how the officer knew or could know that the bottle contained distilled spirits; but no questions were asked to ascertain the source of his knowledge or the accuracy of his statement. Furthermore, aside from the direct testimony of the officer, when we consider the character of the place, the condition of those present, the conduct of the plaintiff in error, and all the surrounding circumstances, we are unable to say that the court below erred or abused its discretion in ruling that the officer had reasonable and probable cause to believe that a crime was being committed in his presence. Lambert v. United States (C. C. A.) 282 Fed. 413; Vachina v. United States (C. C. A.) 283 Fed. 35; Fredericks v. United States (C. C. A.) 292 Fed. 856.

The judgment is therefore affirmed.