## MATTUS v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. March 8, 1926.)

No. 4726.

1. **Criminal law** ⚖➡394, 395—Morphine seized and facts connected with alleged unlawful seizure held admissible (Act Dec. 17, 1914, § 1, as amended by Act Feb. 24, 1919, § 1006 [Comp. St. Ann. Supp. 1919, § 6287g]; Act Feb. 9, 1909, § 2, as amended by Act Jan. 17, 1914, and Act May 26, 1922, § 1 [Comp. St. Ann. Supp. 1923, § 8801]; Const. Amends. 4, 5).

Where officers sent a thoroughly searched informer into defendant's house with marked money to buy narcotics, and on his return with morphine entered house, arrested defendant, and seized morphine, which his wife was trying to conceal, and defendant voluntarily admitted to them that he had given morphine to informer, morphine seized and facts connected with seizure were admissible in evidence in prosecution for violating Act Dec. 17, 1914, § 1, as amended by Act Feb. 24, 1919, § 1006 (Comp. St. Ann. Supp. 1919, § 6287g), and Act Feb. 9, 1909, § 2, as amended by Act Jan. 17, 1914, and Act May 26, 1922, § 1 (Comp. St. Ann. Supp. 1923. § 8801), as against contention that it was taken in violation of Const. Amends. 4, 5.

2. **Arrest** ⚖➡63(4), 71—Arrest, search of person and premises, and seizure of morphine were authorized, where officers had knowledge of commission of felony in house and defendant's retention of possession of morphine.

Officers having knowledge that some one in house had committed a felony, and reasonable and probable cause to believe that he was continuing in commission of offense by retaining possession of morphine, were justified in arresting him, and could incidentally search his person and premises and seize morphine.

3. **Searches and seizures** ⚖➡1.

Property seized in connection with lawful arrest and held as evidence of crime is not within protection of constitutional provisions as to search and seizure.

4. **Arrest** ⚖➡63(4)—Officers held justified in forcing entry into house without warrant to make arrest for possessing morphine; Act June 15, 1917, tit. 11, § 8 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼h), relating only to search warrants.

Officers ringing bell, knocking on window, and demanding admittance as federal narcotic officers to house, in which informer had just purchased morphine, were justified, on receiving no response, in forcing entrance without warrant to make arrest; Act June 15, 1917, tit. 11, § 8 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼h), relating only to search warrants, not to arrest with or without warrant.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; Adolphus F. St. Sure, Judge.

Andrew Mattus was convicted of selling, dispensing, and distributing morphine, not in nor from original stamped package, and of receiving, buying, selling, and facilitating the transportation and concealment of morphine which he knew had been illegally imported, and he brings error. Affirmed.

Edward A. O'Dea, of San Francisco, Cal., for plaintiff in error.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error brings for review the judgment rendered against him upon his conviction on two

counts of an indictment; the first charging him with violation of the Act of December 17, 1914, as amended February 24, 1919 (Comp. St. Ann. Supp. 1919, § 6287g), in selling, dispensing, and distributing morphine not then and there in nor from the original stamped package; the other charging him with violation of the Act of February 9, 1909, as amended January 17, 1914, and May 26, 1922 (Comp. St. Ann. Supp. 1923, § 8801), in receiving, buying, selling, and facilitating the transportation and concealment after importation of morphine which he knew had been imported into the United States contrary to law.

[1] Error is assigned to the denial of the defendant's motion, made before the trial, to return to him certain property and exclude the same from evidence on the trial, on the ground that it was taken without authority of law and in violation of the Fourth and Fifth Amendments to the Constitution. The court below held that the search warrant which had been issued was insufficiently supported by affidavit, but denied the motion to exclude the evidence. It was shown that officers had instructed an informer, whom they first thoroughly searched to ascertain whether he had narcotics on his person, to enter the defendant's house and with certain marked currency which was given him purchase morphine; that they saw him enter the house and in a few minutes return therefrom and hand to the officers four packages of morphine; that thereupon the officers entered the house and arrested the defendant, and at the same time seized two packages of morphine which the defendant's wife was attempting to conceal. It was also shown by the testimony of the officers that the defendant voluntarily and without any inducement or threat upon their part admitted that he had given morphine to the said informer, but stated that he did not get any money for it, but gave it to him as a friend. In view of those facts, there was no error in denying the motion to exclude from the evidence the morphine thus seized and the facts connected with its seizure.

[2] Incident to the arrest the officers had authority, not only to search the defendant's person, but his premises. In Agnello v. United States, 46 S. Ct. 5, 70 L. Ed. ——, the court said: "The right without a search warrant contemporaneously to search persons lawfully arrested while committing crime and to search the place where the arrest is made in order to find and seize things connected with the crime as its fruits, or as the means by which it was committed, as well as weapons and other things to effect an escape from custody, is not to be doubted." Here there can be no doubt but that the officers had knowledge that some person in the house had committed a felony, and they had reasonable and probable cause to believe that the person who committed it was continuing in the commission of an offense by unlawfully retaining possession of morphine. This justified the arrest and the seizure of the morphine.

[3] Property seized in connection with a lawful arrest and held as evidence of crime is not within the protection of the constitutional provisions relating to searches and seizures. Swan v. United States, 295 F. 921, 54 App. D. C. 100, and cases there cited; Winkler v. United States (C. C. A.) 297 F. 202; Lambert v. United States (C. C. A.) 282 F. 413; Vachina v. United States (C. C. A.) 283 F. 35; United States v. Rembert (D. C.) 284 F. 996.

[4] It is contended that the defendant's rights were violated by the violent breaking into his dwelling house by the officers without a warrant, and without compliance with section 8, title 11, of the Act of June 15, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼h), which provides that an officer may break open any outer or inner door or window of a house, etc., "to execute the warrant, if, after notice of his authority and purpose, he is refused admittance." Here the evidence was that the officers tried to gain entrance into the house by ringing the bell and knocking at a front window; that one of them called out, "Open up; federal officers; narcotic officers;" and that, there being no response, they forced an entrance and rushed to the back of the house, where they caught the defendant in the act of disposing of the money and narcotics in the toilet.

It does not appear affirmatively that the defendant or any inmate of the house heard what the officers said before entering, or that they refused them admittance otherwise than by failing to respond to the demand. But the statute relates only to search warrants and the service thereof. It has no relation to arrest, whether with or without warrant. The defendant's house was entered, pursuant to the officers' knowledge that a felony had been committed therein, and the reasonable ground which they had to believe that a felony was being committed in the unlawful retention of morphine, and that probably a further offense was about to be committed in the concealment of morphine. Such breaking and entry were permissible. Wharton's Crim. Procedure (10th Ed) § 51.

The judgment is affirmed.