## UNITED STATES v. SOLOMON et al.

District Court, D. Massachusetts. May 27, 1929.

No. 8754.

Frederick H. Tarr, U. S. Atty., and Elihu D. Stone, Asst. U. S. Atty., both of Boston, Mass.

William J. White, Jr., of Lowell, Mass., for defendants Zinno and Drago.

BREWSTER, District Judge. Upon the motion of the defendants Zinno and Drago to declare a search and seizure illegal and to suppress evidence obtained thereby, evidence was received establishing the following facts:

These defendants occupied, as lessees, a shed or outbuilding detached and situated about 75 feet from a dwelling house on a farm in Lawrence, Mass. They did not reside on the premises. They had set up and were operating in the leased building a redistilling plant.

On the morning of the 30th day of March, 1929, a federal prohibition agent, upon information received by him, went to the vicinity of the farm involved, and, while driving by the building containing the still, he detected a strong odor of distillation. He saw a drain and pipe extending from the building to the road, and a black residue coming out of the drain. He then drove his car into a driveway leading to the premises, and stopped in front of the dwelling house. From this point he was able to hear in the building the sound of acetylene burners and of a running motor. On approaching the building, he saw through an open door tanks, barrels, and cans. Entering the premises, he found a 1,000-gallon still, and saw the defendants in the act of pouring liquid into a can. He had seen neither of the defendants before he entered the building. The defendants were placed under arrest, and a seizure was made of liquor and of the property which was being used in its unlawful manufacture. The prohibition agent had no search warrant and no warrant to arrest the defendants.

The defendants attack the validity of the search and seizure solely on the ground that they were made without a search warrant.

There is nothing in the Fourth Amendment requiring the conclusion that an officer charged with enforcing the laws must be, in every case, armed with a search warrant in order to render his search and seizure valid. "The Fourth Amendment does not denounce all searches or seizures but only such as are unreasonable." Carroll v. United States, 267 U. S. 132, 147, 45 S. Ct. 280, 283 (69 L. Ed. 543, 39 A. L. R. 790).

The defendants rely largely upon the following observation made by the Chief Justice in the case of Carroll v. United States, supra: " * * * The guaranty of freedom from unreasonable searches and seizures by the Fourth Amendment has been construed, practically since the beginning of the government as recognizing a necessary difference between a search of a store, dwelling house or other structure in respect of which a proper official warrant readily may be obtained, and a search of a ship, motor boat, wagon or automobile, for contraband goods, where it is not practicable to secure a warrant because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought."

It must be conceded on the facts before me that, if the test of reasonableness of the search and seizure in the case at bar is to be the feasibility of obtaining a search warrant before taking any steps to suppress the crime and apprehend the criminal, then the search and seizure must be declared unreasonable, since it would have been practicable for the agent to have obtained a warrant from a commissioner or the court before making the search. In other words, if this case is to be controlled by the principles applied in Carroll v. United States, supra, the defendants' contention would be a valid one. But, if we examine closely Carroll v. United States, supra, we find that the court was dealing with the rights of officers to search without a warrant in cases where the search was not incidental to a lawful arrest. The Chief Justice, after considering sections 25 and 26 of title 2 of the National Prohibition Act (41 Stat. 305 [27 USCA, §§ 39, 40]), and section 6 of the Act Supplementing the National Prohibition Act (42 Stat. 222, Act of November 23, 1921 [18 USCA § 53]) together with the history of section 6, which was known as the Stanley Amendment, notes a clear intention on the part of Congress to draw a distinction between the necessity for a search warrant in the search of private dwellings and in that of automobiles and other road vehicles in the enforcement of the Prohibition Act. This distinction was held to be consistent with the Fourth Amendment.

Early acts of Congress are reviewed in the opinion for the purpose of showing that the distinction was nearly as old as the amendment. These statutes were intended to confer authority upon federal officials to search for property subject to forfeiture. They evidently contemplated that a search

of houses or other buildings, when the officials had cause to suspect the concealment therein of such property, would be made only upon a search warrant. As I understand Carroll v. United States, supra, the decision was that the acts of Congress, passed under the Eighteenth Amendment, authorized the search of automobiles and other vehicles without warrant upon probable cause, and that these provisions did not contravene the Fourth Amendment.

If the federal officers looked only to statutes for their authority to search and seize, it might well be true, as the defendant contends, that their right to search without a warrant would be limited to moving vehicles, and that the conclusion would not be affected by the penalties attaching to the offense. Legislative enactments are not the only source from which officers charged with the duty of enforcing the law derive authority to search and seize. Under the common law of long standing, and universally accepted, a peace officer may search and seize the instrumentalities of the crime as an incident to a lawful arrest. Marron v. United States, 275 U. S. 192, 198, 48 S. Ct. 74, 72 L. Ed. 231; Carroll v. United States, supra; United States v. Seltzer (D. C.) 5 F.(2d) 364; Sayers v. United States (C. C. A.) 2 F. (2d) 146.

In Carroll v. United States, supra, the court says: "When a man is legally arrested for an offense, whatever is found upon his person or in his control which it is unlawful for him to have and which may be used to prove the offense may be seized and held as evidence in the prosecution."

There has always been a distinction between arrest without a warrant in the case of a felony and in the case of a misdemeanor. In the former case, an officer might arrest without warrant one believed by the officer to have been guilty of felony, while in the latter case he could not arrest, unless the offense was committed in his presence. Kurtz v. Moffitt, 115 U. S. 487, 6 S. Ct. 148, 29 L. Ed. 458; Carroll v. United States, supra, at page 156 of 267 U. S. (45 S. Ct. 280).

Approaching the question of the authority of the prohibition agent to search and seize without a warrant, from this point of view two questions are presented: (1) Were the defendants lawfully arrested? and (2) Were the search and seizure incidental to the arrest?

That the arrest was lawful can hardly be questioned, especially in view of the fact that the recent enactment of Congress, known as the Jones-Stalker Act (Act of March 2, 1929 [27 USCA §§ 91, 92]), makes the manufacture of intoxicating liquors a felony. All that the officer would need to show in justification of the arrest would be that he had reasonable grounds to believe that the felony had been committed. This ground for belief he unquestionably had upon the undisputed facts of the case. I think it could be said that, even if the crime were only a misdemeanor, the agent would have been legally justified in making the arrest. Cabitt v. Potter (D. C.) 293 F. 54; Miller v. United States (C. C. A.) 9 F.(2d) 382; Weeke v. United States, 14 F.(2d) 398; Winkler v. United States (C. C. A.) 297 F. 202; Vaught v. United States (C. C. A.) 7 F.(2d) 370.

It is contended, however, by the defendants that the arrest was incidental to the search rather than that the search was incidental to the arrest. They cite Henderson v. United States (C. C. A.) 12 F.(2d) 528, 51 A. L. R. 420. This was a case where a dwelling house was searched after the defendant had been arrested for selling narcotics in his store, which constituted a portion of his dwelling house. On the facts there, which were materially different from those in the case at bar, the court found that the search and seizure were not incidental to the arrest.

United States ex rel. Frank v. Mathues (D. C.) 17 F.(2d) 274, is another case where, on facts more nearly similar to those in the present case, the court refused to adopt the contention of the government that the search was justified by a crime committed in the presence of the officers, but in that case there was an important distinction, in that the search was made upon an invalid search warrant, which was based upon an affidavit reciting that, on the day before the search, the agent had detected odors of mash in a state of fermentation in the building in which the contraband articles were found. See Murby v. United States (C. C. A.) 293 F. 849, 852.

Neither of these cases can be accepted as authority for the proposition that it would be unreasonable to enter a barn or shed in which the defendants were actually engaged in the commission of a crime, now classified as a felony. This would be so even if the agent were held to be a trespasser up to the point when he stepped into the building. He had not trespassed upon premises of which these defendants had the exclusive right of occupation, and they could not complain of the trespass. Rouda v. United States (C. C. A.) 10 F.(2d) 916. Before he entered

the building, he had positive knowledge that the crime was being committed. The fact that the agent had not seen the defendants until after the entry would not be sufficient to warrant the court in declaring the whole proceeding unreasonable and unlawful. Such a distinction is too fine, and is not supported by the weight of authority. Kathriner v. United States (C. C. A.) 276 F. 808; McWalters v. United States (C. C. A.) 6 F.(2d) 224; Ludwig v. United States (C. C. A.) 3 F. (2d) 231; O'Connor v. United States (D. C.) 281 F. 396. See, also, Brock v. United States (C. C. A.) 12 F.(2d) 370.

In O'Connor v. United States, supra, 398 of 281 F. the court observes that: "The right to arrest a person or thing offending against the law, without written warrant, under certain circumstances, long pre-existed the causes which led to the judicial condemnation of arrest on warrants which failed to particularly describe the person or thing to be apprehended. This right was not drawn into question by such condemnation (In re John Wilkes, 19 Howell's State Trials, 981, 988; Dryden Leach v. Money, Id. 1001, 1026; Entick v. Carrington, Id. 1029; Wilkes v. Wood, Id. 1153), and continues unaffected by the prohibition and restrictions embodied in the Fourth Amendment or other parts of the United States Constitution. * * *"

In Hester v. United States, 265 U. S. 57, 44 S. Ct. 445, 68 L. Ed. 898, we find the statement that "the special protection accorded by the Fourth Amendment to the people in their 'persons, houses, papers, and effects,' is not extended to the open fields. The distinction between the latter and the house is as old as the common law." 4 Blackstone, Comm. 226, is cited as authority. When we turn to the works of that ancient commentator, we find that he drew the same distinction between dwelling houses and distant barns, warehouses, and the like, and between a dwelling house and a building leased for some business purpose. He said: "But if I hire a shop, parcel of another man's house, and work or trade in it, but never lie there, it is no dwelling house, * * * for by the lease it is severed from the rest of the house, and therefore is not the dwelling house of him who occupies the other part; neither can I be said to dwell therein when I never lie there." 4 Bl. Comm. 226.

Whether and under what circumstances a search of a private dwelling house without a warrant would be declared reasonable is a question not now before me. My conclusion deals only with the search of an outbuilding in which, as the officer searching well knew, intoxicating liquor was being redistilled, and in which contraband was found and seized, and in which the offenders were apprehended in the act of committing a felony. Under these circumstances, I cannot declare the search and seizure unreasonable or in violation of the rights secured to the defendants by the Fourth Amendment.

The motion is denied.