## MURPHY v. DISTRICT OF COLUMBIA.

### No. 43.

Municipal Court of Appeals for the District of Columbia.

March 12, 1943.

Daniel B. Maher, of Washington, D. C. (Dennis Collins, of Washington, D. C., on the brief), for appellant.

Vernon E. West, Principal Asst. Corp. Counsel, of Washington, D. C. (Richmond B. Keech, Corp. Counsel, and Milton D. Korman, Asst. Corp. Counsel, both of Washington, D. C., on the brief), for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

Appellant, after trial before court and jury, was found guilty of violation of Title 40, Section 609(a) of the District of Columbia Code (1940 Ed.), the offense being commonly known as "hit and run." The evidence presented by the prosecution was substantially as follows:

About midnight of June 11, 1942, a street car stopped near Fourteenth and Decatur Streets, Northwest, and as passengers were alighting an automobile struck and side-swiped the rear of the car and then struck and injured a passenger who was crossing from the car to the curb. The left front fender of the automobile struck the car and the right front fender struck the passenger. The automobile slowed down but did not stop. Several witnesses observed that the automobile was a black Lincoln Zephyr sedan and bore District of Columbia tag No. 85666. None of the witnesses was able to identify the operator but one witness saw that the operator was dressed in a white uniform and another witness that he was in a white uniform with a "black bandana" around his neck.

Police officers were called to the scene of the accident, and, after talking to witnesses, picking up several pieces of glass, and obtaining information regarding registration of the automobile bearing the tag number given them by the witnesses, went with witnesses to an alley in the rear of 1317 Delafield Place, Northwest, about a block and a half from Fourteenth and Decatur Streets. There they saw a black Lincoln Zephyr sedan in a garage opening on the alley. The door of the garage was open. The automobile had been backed into the garage and the front of it protruded from one to two feet out of the garage. This automobile bore District of Columbia tag No. 85666, its left front fender was damaged and had a streak of green paint on it (the color of the street car was green), the left front headlight was broken, and the dust had been brushed from the right front fender, as if something had passed over it.

The appellant did not take the stand nor present any testimony in his behalf, but his counsel stipulated that at the time in question appellant lived at 1317 Delafield Place, Northwest, was in the United States Navy whose regulations then required the wearing of a white uniform with a black tie, and a Lincoln Zephyr automobile bearing license tag No. 85666, according to the records of the Traffic Division of the District of Columbia, was registered in the name of appellant at the address stated.

Appellant does not question the sufficiency of the evidence to sustain the verdict but contends his Constitutional rights against unreasonable search and seizure were violated, and that he was denied a fair and impartial trial. His contentions are directed to (1) evidence received and later excluded, and (2) evidence received but not excluded.

The evidence received and later excluded is in addition to the evidence hereinbefore recited. One of the witnesses, an employee of the street car company, was permitted to testify that at the garage he saw an officer compare the glass picked up on the street with the glass remaining in the broken headlight and heard him remark that it fitted, that at the request of the officer the witness felt the motor of the automobile and found it hot, that the officers brought appellant out of the house and talked with him a few minutes but the witness did not recall appellant answering any questions, and that appellant was dressed in a sailor's white uniform. Another witness, a police officer, was permitted to testify that at the garage he inserted the broken glass picked from the street in the broken headlight and the pieces of glass matched perfectly, that he removed the glass from the headlight, and that he made an examination of the motor of the automobile and found the motor, the radiator and the exhaust pipe hot. The glass removed from the broken headlight was received in evidence. The same

witness was further permitted to testify that he went to the house at 1317 Delafield Place and was admitted to the house by someone—older people in the house—and they said appellant would be downstairs in a few minutes. Appellant's counsel had previously objected that the testimony just recited was secured by an unreasonable search and seizure in violation of the Fourth Amendment to the Constitution, and the court had permitted the evidence to be received, stating it would be in a better position to rule on this question as the case developed. At the point where the police officer testified to going into the house, the court excused the jury and then heard, in the absence of the jury, detailed statements regarding the location of the garage and the position of the automobile with respect to it, as well as the examination made of the automobile.

After hearing this evidence, the court ruled that it would exclude all testimony concerning questions asked appellant, the appearance of appellant, and all testimony having to do with placing of hands upon the automobile, the extraction of glass from the broken headlight and the comparison of glass found in the street with that remaining in the headlight, in other words, all things discovered while in physical contact with the automobile. In his charge to the jury, the court instructed them to disregard all such testimony. Appellant asserts the court was in error in originally admitting this evidence and that the court's instruction to the jury failed to cure such error, and further that the glass taken from the headlight, although excluded from evidence, remained in full view of the jury during the entire trial. This court recently pointed out, in Penwell v. District of Columbia, D.C.Mun. App., 31 A.2d 891, that the question of whether error in the admission of evidence is cured by subsequent withdrawal and instruction to the jury depends upon the particular facts of each case. In the present case, assuming the evidence received and then excluded was erroneous, we think the error was cured by the court's action. No motion to suppress the evidence was made in advance of trial and as soon as it developed in the course of the trial that there was a substantial question regarding the competency of this evidence, the court excused the jury and after satisfying itself that the evidence above recited had been erroneously received, ruled that it should be excluded and the witnesses who thereafter testified were not permitted to give testimony regarding these excluded matters. This action of the court, in our opinion, effectively cured any error which had been committed. As pointed out in the Penwell case, courts are slow to reverse where other evidence in the case strongly supports the verdict of the jury. The evidence regarding the heated motor and the finding of the glass was but cumulative proof of the identity of the striking car. There was ample other evidence on this point. Witnesses who saw the accident stated positively the make, type and tag number of the automobile. The evidence obtained at the alley merely corroborated their testimony. Furthermore, the make and type of the car, its tag number, the damaged left fender and left headlight were all plainly observable to those standing in the alley. The evidence obtained by physical contact with the automobile was but cumulative proof and such proof, even if erroneously admitted, is harmless error. Ford v. United States, 273 U.S. 593, 624, 47 S.Ct. 531, 71 L.Ed. 793.

The testimony regarding the appellant himself, in view of the other evidence, was not prejudicial, especially since the court instructed the jury to disregard it. This case is unlike that of Nueslein v. District of Columbia, 73 App.D.C. 85, 115 F. 2d 690, relied upon by appellant, for the reason that the officers in the instant case were permitted to enter the house by the owner, and they obtained from appellant no admission, damaging or otherwise. The only witness permitted to testify regarding any conversation between appellant and the officers merely said: "The officers talked to him there, but I don't recall him answering any questions." Any error, if error there was, in receiving this testimony, was not so prejudicial as to require a reversal, in view of the court's subsequent exclusion of it.

Appellant further contends that all evidence as to what the witnesses observed while standing near the defendant's automobile in the garage was obtained by an unreasonable search and seizure because, he asserts, the prosecution did not clearly establish that such observations were made by witnesses while standing on public property. We think appellant draws too fine a line. Mrs. Tierney, the owner of the house and garage, testified, out of the presence of the jury, that the garage is

situated about four feet back from the alley and the strip between the garage and the alley is her private property, is paved with concrete and is on the same level as the alley. The automobile protruded nearly two feet out of the garage and the witnesses could have and must have observed the automobile before they approached close enough to step over the line dividing the alley from the private property. At least two of the witnesses did not touch the automobile. If the witnesses trespassed upon private property it was on the property of Mrs. Tierney and not of appellant. According to her testimony, appellant was permitted to use a part of the garage but was not given exclusive possession of it. At most, he had nothing more than the right of ingress and egress over this strip between the alley and the garage. Appellant cannot complain of a trespass upon another's property.[1] In the second place, it is extremely doubtful that a strip such as this, to all appearances a part of the alley, is a part of the curtilage and thus within the protection of the Fourth Amendment. The protection of that Amendment does not extend to open land.[2] Finally, the witnesses observed only that which was open and apparent to anyone in the alley. Appellant did not conceal his automobile in the garage but left it extending out of the garage for all the world to see. Its very position attracted attention. A search is not made by merely looking at that which is open to view.[3]

We have carefully examined the stenographic report of the testimony and trial proceedings and are satisfied no prejudicial error was committed and accordingly the judgment below is affirmed.

Affirmed.

---

[1] Graham v. United States, 8 Cir., 15 F. 2d 740; Van Dam v. United States, 6 Cir., 23 F.2d 235; United States v. Solomon, D.C.Mass., 33 F.2d 193; Coon v. United States, 10 Cir., 36 F.2d 164; Safarik v. United States, 8 Cir., 62 F.2d 892.

[2] Hester v. United States, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898; United States v. One Ford, D.C.Mich., 7 F.Supp. 705; United States v. Feldman, 3 Cir., 104 F.2d 255; Stark v. United States, 8 Cir., 44 F.2d 946; Dulek v. United States, 6 Cir., 16 F.2d 275.

[3] United States v. Lee, 274 U.S. 559, 47 S.Ct. 746, 71 L.Ed. 1202; Smith v. United States, 4 Cir., 2 F.2d 715; United States v. Western & A. R. R., D.C.N.D. Ga., 297 F. 482.