THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RAMÓN MIRANDA, *alias* MONCHO, Defendant and Appellant.

No. 16080. Argued April 2, 1956.—Decided April 23, 1956.

*Manuel López Carrillo* for appellant. *José Trías Monge, Attorney General,* and *Rafael L. Ydrach Yordán* and *Ramón C. Ruiz Sánchez, Fiscal* and *Assistant Fiscal of the Supreme Court,* respectively, for appellee.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Appellant was convicted of three violations of § 81 and one violation of § 77 of the Alcoholic Beverages Act.[1] The first three consist in that on June 30, 1955, appellant had in his possession and control, in his residence, three stills for the manufacture of rum which were not registered in the Office of the Secretary of the Treasury of Puerto Rico. The other violation consists in that in the same place and on the same date appellant had in his possession and control 10 gallons of cane rum (*cañita*), clandestinely manufactured, on which the corresponding internal-revenue stamps required by law were not affixed.

The defendant moved the lower court to return the evidence seized by the internal-revenue agents, alleging that it had been seized during an illegal search of his residence. His motion was denied. At the trial the defendant objected, without success, to the admission of such evidence.

On appeal, he insists that he was convicted on evidence obtained by an illegal search. We disagree. Appellant's house is situated on lands of the Commonwealth of Puerto Rico in Martín Peña channel, at the place known as Barriada Tokío. It is a frame house with a shed on the rear which is used as a kitchen. It is surrounded by mud and water and the people use wooden planks to go back and forth.

---

[1] Act No. 6 of June 30, 1936 (Spec. Sess. Laws, p. 44), as amended by Act No. 117 of April 27, 1949 (Sess. Laws, p. 302).

About 2 p. m. of the day of the occurrence three internal-revenue agents were patrolling that section. Upon arriving at a certain house the people shouted: "The cops are coming!" Several persons ran out of appellant's house. The agents hurried over the plank placed along the right-hand side of the house, and saw appellant trying to pull a coil away from a still which was over the fire in the shed or kitchen. They entered the place in order to arrest him, but he escaped. The agents seized in the kitchen of appellant's house three stills which were over the fire, two of which were already distilling, and also two cans containing cane rum (*cañita*).

Appellant's contention, we have said, is that the search of his house was illegal because the agents were without a search warrant. Under the circumstances surrounding this case, such search warrant was unnecessary. The defendant was committing a public offense in the presence of the internal-revenue agents, and the latter had authority to arrest him without a warrant. Section 116 of the Code of Criminal Procedure; *Griffin* v. *State*, 92 A. 2d 743, *cert. den.*, 345 U. S. 907; *Johnson* v. *United States*, 333 U. S. 10, 15. The main purpose of the agents in entering the defendant's house was to arrest him. The seizure of the stills and the clandestine rum and, hence, the search of the kitchen where the offense was committed, was an incident to the arrest. A search without a search warrant is justifiable where it is incidental to a lawful arrest. *People* v. *Albizu*, 77 P.R.R. 843; *People* v. *Soto*, 77 P.R.R. 193; *People* v. *Santos*, 71 P.R.R. 288; *Martin* v. *United States*, 155 F. 2d 503; *Smallwood* v. *United States*, 68 F. 2d 244; *Mattus* v. *United States*, 11 F. 2d 503, 79 C.J.S. § 67, pp. 840, 845; 47 Am. Jur. 515, § 19. The fact that the defendant eluded arrest at that moment because he escaped does not alter the rule. *United States* v. *Eliott Hall Farm*, 42 F. Supp. 235, 238; *Kelley* v. *United States*, 61 F. 2d 843. Nor is it altered by

the fact that the shed or kitchen searched is an outbuilding of defendant's residence. *Johnson* v. *United States, supra,* 92 L. Ed. 436; *Harris* v. *United States,* 331 U. S. 145, 91 L. Ed. 1399.

For the reasons stated, the lower court did not commit the error assigned. Consequently, the judgment appealed from will be affirmed.