## UNITED STATES v. LOTEMPIO et al.

District Court, W. D. New York.
Dec. 28, 1931.

On Reargument March 31, 1932.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y., and Joseph J. Doran, Asst. U. S. Atty., of Rochester, N. Y., for the United States.

Latona & Carlo, of Buffalo, N. Y., for defendants.

KNIGHT, District Judge.

On the petition of the plaintiff, this is the return of an order to show cause why the decision of the United States commissioner herein, discharging the defendants and determining that insufficient probable cause existed for the issuance of the search warrant, should not be vacated and set aside.

The decision of the commissioner is based upon the affidavit of two federal prohibition agents, upon which the search warrant was issued, and the testimony taken before the commissioner, given by one of such agents and another person named in the search warrant affidavit as having made some statement to said agents regarding the premises in question. This latter testimony was offered to affect the credibility of the agents.

The building in question was a seven-story concrete building. It was a business block, and in no respect was it used as a private dwelling.

The search warrant affidavit recites: That the two agents watched the building many hours during three consecutive days; that they heard operations being conducted in the building and "could hear hand pumps and motors working, the running of liquids into vats, the use of a chain hoist, the driving of staves and tightening the same usual to the erection of vats"; that at no time were lights visible from the outside of the building; that they saw packages wrapped in burlap taken into the building; that they saw a truck, apparently loaded, drive into the building and later drive away and return; that on each of three different days they smelled the odor of alcohol coming from the building. On the hearing before the commissioner, the prohibition agent there sworn testified in substance the same as hereinbefore stated.

There are also other parts of the affidavit of the prohibition agents which bear upon the question of probable cause.

█ It is superfluous to say that there are many decisions in the federal courts passing on the question of what constitutes probable cause. Defining it we may consider in comparison the definition given to "reasonable doubt," as a rule in criminal trials. Reasonable doubt, as the words are there used, means doubt which arises in the mind of an ordinary cautious and prudent individual as to the guilt of the accused. So probable cause, as it is to be applied here, means a

cause based upon grounds which satisfy the mind of an ordinary prudent and cautious individual that a crime is probably being committed. In the numerous cases before the courts, the facts almost invariably differ, but the courts have quite uniformly applied the definition of probable cause, in substance as I have given it, to the facts. There are numerous cases in which it has been held that proof of the odor of alcohol coming from the premises was insufficient as the basis for a search warrant, but such construction is to be considered in connection with any other facts shown which bear upon the question of the probable commission of a crime. Here we find numerous circumstances corroborating the affidavit of the agents as regards the odor of alcohol. All, taken together, could reasonably be supposed to be sufficient to satisfy the mind of a cautious and prudent individual that there was probable cause that a crime was being committed. Counsel for the defendants have submitted extensive briefs in which they have quoted from many opinions. Some, it is true, appear in direct conflict with my view; many are applied to different state of facts; and some there are which confirm the decision to which I arrive. The petitioner calls our attention to several cases in this circuit, including Quandt Brewing Co. v. U. S., 47 F.(2d) 199 and U. S. v. Old Dominion Warehouse, 10 F.(2d) 736. The Quandt Brewing Case, supra, as well as U. S. v. Boscarino (D. C.) 21 F.(2d) 575, 577, and U. S. v. Solomon (D. C.) 33 F.(2d) 193, are quite in point with this case.

The prohibition agents' affidavit contains statement that an employee of the Buffalo General Electric Company stated to them that he had detected in the building a strong odor which he thought was beer. On the hearing before the commissioner, this employee testified that he had told no one of smelling anything in these premises. This denial goes to the credibility of the agents on only one of the various grounds showing probable cause. The apparent confusion in this witness' testimony is such as to render it of little weight in any way.

The government contends that defendants are entitled to no protection upon the issuance of the warrant because the record discloses no evidence tending to show that the defendants occupied the property in question for any purpose except that which was incidental to the operation of the distillery found on the premises. The government cites Tritico v. U. S. (C. C. A.) 4 F.(2d)

664 and Rouda v. U. S. (C. C. A.) 10 F.(2d) 916, 918.

I do not think that this contention can be sustained, because three of defendants, in affidavit submitted to the commissioner, each swore that "a search and seizure warrant was executed on his premises." Vide Belcher v. U. S. (C. C. A.) 50 F.(2d) 573 and cases cited.

The determination of the United States commissioner, finding that insufficient probable cause existed for issuance of search warrant herein and discharging the defendants, is ordered vacated and set aside.

### On Reargument.

A motion was heretofore made herein to vacate and set aside the decision of the commissioner discharging the defendants and determining that insufficient cause existed for the issuance of a search warrant. That motion was granted by this court, and a memorandum filed, giving reasons for the decision. On motion for reargument, counsel for the defendants raises the question that this court has not the right to reverse or vacate a decision of a United States commissioner unless the same is arbitrarily exercised. It may be conceded that a decision of a commissioner is conclusive unless arbitrarily exercised. Gracie v. U. S. (C. C. A.) 15 F.(2d) 644. The question is what constitutes "arbitrary" exercise of authority. There are various definitions of the word. As applied to this case, it means the decision of a commissioner counter to the law as applicable to the case at bar. Under the authorities, the proof before the commissioner clearly showed probable cause for the issuance of the warrant. The proceedings before the commissioner are steps in the progress of a criminal prosecution. If a commissioner makes a decision vacating a search warrant which had been issued by him upon affidavits showing probable cause and such decision is opposed to the law to be applied to the case, it is clear to me that the District Court can say that such commissioner's decision was arbitrary. There are cases in which a commissioner has vacated a warrant in which the decision could not be set aside as a matter of law. Such a case is where it is shown indisputably that search was made on premises other than those to which the warrant was directed.

There are many other cases in which there is absolutely no showing of probable cause in which this court would not have the right to say that the commissioner's holding was arbitrary. In this case the commissioner who

set aside the warrant for want of probable cause issued the warrant upon substantially the same showing of facts as those on which he reversed his decision or action.

■ "Arbitrarily" as defined in 4 C. J. at page 475, means "without fair, solid, and substantial cause and * * * without any reasonable cause." Fair, solid, substantial, and reasonable cause mean such as is based upon the law. When it is made clear, as it is in this case, that probable cause as defined by the courts has been shown, the commissioner acts arbitrarily in refusing to follow the law. Time without number motions have been made at trials to set aside the determination of a commissioner that probable cause existed. Time after time the appellate courts have sustained or reversed the trial judge on the facts shown and without regard to the question of the conclusiveness of the decision of a commissioner preceding the trial. If it is said that the action of the commissioner setting aside a search warrant must be shown to be arbitrary in the sense that it "consists in conduct or acts based alone upon one's will, and not upon any course of reasoning and exercise of judgment," then a commissioner's act in sustaining a search warrant must be considered with the same view. Counsel for defendants, in answer to this, says that the rule of determination does not apply alike in the instances cited because the defendant brings up for review, on a motion to set aside a commissioner's decision, questions involving the violation of constitutional rights. If we assume that argument has force, it has no application where the motion to set aside a decision is based on want of probable cause not affecting any constitutional rights, but based solely on the sufficiency of the proof on which the warrant is issued. For instance, a warrant is issued on sufficient statements of facts. On the hearing, as permitted by the Espionage Act, these facts are controverted and defendants claim the testimony shows lack of probable cause. Would counsel urge that the sustaining of the warrant could not be controverted on a motion before trial, and on the trial, as has uniformly been done?

In Re No. 191 Front Street, 5 F. (2d) 282, 286, Second Circuit Court of Appeals, is conclusive upon this court with regard to the authority in this court to reverse the action of a commissioner setting aside a warrant. There it was said: "It has been held that a commissioner, when he issues warrants of arrest in a preliminary hearing, is not a judge of the United States within the constitutional sense, and a preliminary examination before him is not a proceeding in any court of the United States. * * * It has also been held that in a proceeding before a commissioner the District Court may review the decision, for the reason that, when sitting, the commissioner is not holding an inferior court, but is acting in a ministerial capacity. * * * The Supreme Court has held that a District Judge might review a proceeding before the United States commissioner, under the court's authority to assume control in the preliminary stages of matters of which it has the final decision. * * * Therefore we hold that the District Judge had authority to review the action of the commissioner." Vide, also, U. S. v. Casino (D. C.) 286 F. 976; U. S. v. Madden (D. C.) 297 F. 679; Atlanta Enterprise v. Crawford (D. C.) 22 F. (2d) 834; In re Film and Pictorial Representation, etc. (D. C.) 22 F. (2d) 837; In re Herter (C. C. A.) 33 F. (2d) 402, 65 A. L. R. 1240; U. S. v. Roitman (D. C.) 36 F. (2d) 86, which are directly in point.

For the reasons assigned, I adhere to the determination heretofore made by me in this matter.