## ADERHOLD v. UNITED STATES.
### No. 10231.

Circuit Court of Appeals, Fifth Circuit.

Jan. 20, 1943.

Dillon Hartridge and M. H. Myerson, both of Jacksonville, Fla., for appellant.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla., and Damon G. Yerkes, Asst. U. S. Atty., of Jacksonville, Fla., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

Upon evidence procured by a search of his premises, appellant was convicted of violating the internal revenue laws relating to intoxicating liquor. His sole contention on appeal is that his motion to quash the search warrant, and to suppress the evidence obtained thereby, should have been sustained because the warrant was not issued upon probable cause.

The warrant was issued by the Commissioner upon the affidavit of C. D. Norman, in which the probable cause of affiant's belief was stated to be the affidavit of Henry Baxter that, at a stated time at the premises of appellant, he saw seven 5-gallon jugs of nontax paid whiskey unloaded from a truck into a small building on the premises; that he saw appellant assist in the unloading; and that he heard appellant say to his companion, "Well, there are seven jugs and I owe you $35." Appellant contends the court knows judicially that moonshine whiskey is ordinarily indistinguishable in appearance from water or any other clear, colorless liquid; and that, by reason thereof, perception by sight alone was not sufficiently definitive of the contents of the jugs to afford reasonable grounds for believing the liquid to be whiskey.

In determining what is probable cause, the question is whether the affiant, at the time of his affidavit, had reason to believe, and did believe, from facts within his knowledge, that the law was being violated on the premises to be searched. If the facts set out in the affidavit are such that an ordinarily prudent person would be led to believe that there was a commission of the offense charged, the warrant should be issued.[1] The sworn statement of Baxter that appellant had concealed in his possession jugs containing whiskey upon which no tax had been paid, supported by the statement of the price paid therefor, was sufficient to lead an ordinarily prudent person to believe appellant was feloniously concealing intoxicating liquor with intent to defraud the United States of the tax imposed thereon.[2]

The judgment appealed from is affirmed.

---

[1] Stacey v. Emery, 97 U.S. 642, 24 L. Ed. 1035; Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790; Dumbra v. United States, 268 U.S. 435, 45 S.Ct. 246, 69 L.Ed. 1032.

[2] Steele v. United States, 267 U.S. 498, 45 S.Ct. 414, 69 L.Ed. 757. Cf. Lambert v. United States, 9 Cir., 282 F. 413; Garske v. United States, 8 Cir., 1 F.2d 620.