270

## BENNETT v. UNITED STATES.
### No. 5245.

Circuit Court of Appeals, Fourth Circuit.

Oct. 16, 1944.

Writ of Certiorari Denied Dec. 18, 1944.
See 65 S.Ct. 314.

R. Clarence Dozier, of Elizabeth City, N. C. (W. Louis Ellis, Jr., of Fayetteville, N. C., on the brief), for appellant.

Charles F. Rouse, Asst. U. S. Atty., of Kinston, N. C. (James O. Carr, U. S. Atty., of Wilmington, N. C., and Leon Ulman and Gordon L. Eakle, Attys., Department of Justice, both of Washington, D. C., on the brief), for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

· PER CURIAM.

The only question presented in this case is whether the affidavit upon which a search warrant was based was sufficient to justify the seizure of counterfeit ration coupons introduced in evidence against the defendant. While the affidavit was not skilfully drawn, we think that, taken as a whole, it sufficiently sets forth that the ration coupons along with counterfeiting apparatus were concealed on defendant's premises. It is well settled, however, that, if the affidavit had described only the counterfeiting apparatus, the seizure of the counterfeit coupons would have been justified and that they would have been admissible in evidence. The question was fully considered by this Court in Paper v. United States, 4 Cir., 53 F.2d 184. See also Milam v United States, 4 Cir., 296 F. 629, 632; United States v. Old Dominion Warehouse Co., 2 Cir., 10 F.2d 736; United States v. Camarota, D. C., 278 F. 388, 389; Adams v. People of State of New York, 192 U.S. 585, 598, 24 S.Ct. 372, 375, 48 L. Ed. 575. As said by the Supreme Court of the United States in the case last cited:

"The right to issue a search warrant to discover stolen property or the means of committing crimes is too long established to require discussion. The right of seizure of lottery tickets and gambling devices, such as policy slips, under such warrants, requires no argument to sustain it at this day. But the contention is that, if, in the search for the instruments of crime, other papers are taken, the same may not be given in evidence. As an illustration,—if a search warrant is issued for stolen property, and burglars' tools be discovered and seized, they are to be excluded from testimony by force of these amendments. We think they were never intended to have that effect, but are rather designed to protect against compulsory testimony from a defendant against himself in a criminal trial, and to punish wrongful invasion of the home of the citizen or the unwarranted seizure of his papers and property, and to render invalid legislation or judicial procedure having such effect."

Affirmed.