**UNITED STATES of America**
v.
**John DOE, Alias Elmer Ramsey.**
**Cr. No. 6023.**

United States District Court
E. D. Tennessee, Northeastern Division.
March 27, 1956.

John C. Crawford, Jr., U. S. Dist. Atty., Knoxville, Tenn., for plaintiff.

Hobart F. Atkins, Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

This case presents the recurring search warrant question.

The grand jury charged the defendant, Elmer Ramsey, in a two count indictment with possessing and concealing tax unpaid whiskey. Defendant made a motion to suppress the evidence and quash the search warrant upon a number of grounds. The main ground is that the warrant was issued by the United States Commissioner without probable cause. The search warrant was issued on the same date the affidavit was made, namely, September 15, 1955. The affidavit described the premises where the contraband spirits were allegedly located as a "beer tavern of John Doe, Alias being a portion of a small one story, masonry building on the west side of Tenn. Highway 32 in Newport, Tenn., near the Negro school, and is about half a mile south of U. S. Highway 70. Building has sign 'Sudden Service' on it and has barber shop in south end of building; violation, premises in north end."

Facts relied upon by the affiant for believing that distilled spirits in unstamped containers were located in the beer tavern were stated in the affidavit as follows: "On Sept. 10, 1955, I was in the above described beer tavern where I drank one beer. While I was there I observed the operator make a sale of a pint and a half pint of moonshine whiskey. I then purchased a half pint of whiskey from him and paid him $0.75 for it. The whiskey was taken from behind the counter. The whiskey was in a half pint bottle and did not bear the required tax stamps."

The search warrant was executed by a Federal officer on September 23, 1955, at 3:05 P.M. One-half gallon of tax unpaid whiskey was found in the building described in the warrant.

Legality of the search is to be judged not by the kind of picture it presents to an observer whose sense of propriety may vary as events may vary between trivialities and enormities. Certain rules have been established both as to search procedure and as to limitations upon searches.

The Fourth Amendment to the United States Constitution provides as follows: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

Under Rule 41 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., the oath or affirmation is required to be in the form of an affidavit, or oath in writing. Under authority of Rule 41(c), a search warrant is issuable where the Commissioner is satisfied that there is probable cause to believe that grounds for the application therefor exist.

In applying the foregoing rules and limitations, courts have pointed out that it is only unreasonable searches that are prohibited. Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399. Where probable cause exists, it is proper for a search warrant to be issued, and search pursuant to the warrant is not unreasonable. United States v. Smith, D.C., 68 F.Supp. 737.

By establishing Rule 41(c), Congress has vested United States Commissioners with authority to issue search warrants. That authority may be exercised where the Commissioner is satisfied that there is probable cause to believe that at the place to be searched there is property "designed or intended for use or which is or has been used as the means of committing a criminal offense." Rule 41(b) (2). The Commissioner's judgment in issuing a search warrant is, as to probable cause, conclusive, unless arbitrarily exercised. Gracie v. United States, 1 Cir., 15 F.2d 644; Pappas v. Lufkin, D.C., 17 F.2d 988;

United States v. Ephraim, D.C., 8 F.2d 512; United States v. Lotempio, D.C., 58 F.2d 358. Probable cause is based upon the affidavit, and the Commissioner does not act arbitrarily where facts shown in the affidavit are sufficient to show probable cause to believe that the crime described has been or is being committed on the premises to be searched. Sutherland v. United States, 4 Cir., 92 F.2d 305. Probable cause means a cause based upon grounds which satisfy the mind of an ordinary prudent and cautious person that a crime is probably being committed. United States v. Lotempio, D.C., 58 F.2d 358.

 Validity of the warrant is to be determined as of the date of its issue. Validity has no reference to the time of its execution, except that validity is limited in time by Rule 41(d), which provides that "The warrant may be executed and returned only within 10 days after its date. * * *" Execution is legal where accomplished within the 10-day period. Murby v. United States, 1 Cir., 2 F.2d 56; United States v. Old Dominion Warehouse, 2 Cir., 10 F.2d 736. The search warrant ends as to validity if not executed within the 10 days. Sgro v. United States, 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed. 260.

 When a search warrant is issued, it is not a guaranty that incriminating evidence will be found when the search is made. Whether anything is found, or the quantity thereof, does not affect the validity of the warrant. Basis of the warrant is not what will be found in the future, or on the date of the search, but what has already been done or is being done at the time the warrant is issued. The search is directed to property "designed or intended for use or which is or has been used as the means of committing a criminal offense." Rule 41(b) (2).

 Here the person who made the affidavit upon which the search warrant was issued witnessed the sale of illicit whiskey to a third party. On the same day he himself made a purchase of illicit whiskey at the same place authorized in the warrant to be searched. Where the apparent facts set out in the affidavit were such that a reasonably prudent man would be led to believe that there was a commission of the offense charged, there is probable cause for issuance of the warrant. Carney v. United States, 9 Cir., 163 F.2d 784; Aderhold v. United States, 5 Cir., 132 F.2d 858; Garhart v. United States, 10 Cir., 157 F.2d 777. The Commissioner may take the affidavit as it is presented and need not investigate whether its statements are true. United States v. Brunett, D.C., 53 F.2d 219.

 The case of United States v. Nichols, D.C., 89 F.Supp. 953, is clearly distinguishable from the one here. In the Nichols case affidavit as to a sale of whiskey was made 21 days after the affiant witnessed the sale. Here there was no such intervening period of time. Here the time lapse had no bearing on the validity of the search warrant. Moreover, the search having been made within its own limitation period, no question may be raised as to the validity of the execution of the warrant. Nor does the smallness of the quantity of illicit whiskey found affect the validity of the warrant or of the search. Validity of the search is unaffected by the quantity of incriminating property found. Byars v. United States, 273 U.S. 28, 47 S.Ct. 248, 71 L.Ed. 520.

 The Court is of the opinion that the facts set out in the affidavit were sufficient to establish probable cause for the issuance of the search warrant by the Commissioner.

An order has been passed to the Clerk denying motion to suppress the evidence and quash the search warrant.