**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Samson EISNER, Defendant-Appellant.
No. 14621.**

United States Court of Appeals
Sixth Circuit.
Jan. 10, 1962.

Daniel W. Davies, Newport, Ky., for appellant.

Robert D. Simmons, Asst. U. S. Atty., Louisville, Ky., for appellee, William E. Scent, U. S. Atty., Louisville, Ky., on the brief.

Before MILLER, Chief Judge, and WEICK and O'SULLIVAN, Circuit Judges.

SHACKELFORD MILLER, Jr., Chief Judge.

Appellant, Samson Eisner, was found guilty by a jury of receiving and concealing on September 7, 1960, certain fur garments of the value of $5,000.00 or more, transported in interstate commerce, knowing the same to have been stolen, in violation of Section 2315, Title 18 U.S. Code. He received a sentence of five years imprisonment and a fine of $1,500.00.

Appellant's main contention on this appeal is that the District Judge erred in overruling his petition to suppress evidence, timely made, and in permitting the Government to use as evidence the stolen furs found in the trunk of the automobile being operated by the appellant. The automobile was searched under a search warrant issued by the United States Commissioner. Appellant attacks the validity of the warrant and the manner of its execution.

■ With respect to the issuance of the warrant, we are of the opinion that the affidavit stated facts from which the Commissioner could find probable cause for believing that the laws of the United States were being violated. Rule 41, Rules of Criminal Procedure, 18 U.S.C. Evans v. United States, 242 F.2d 534, 536, C.A. 6th.

■ Nor was the affidavit insufficient because the statement of facts therein was based on hearsay instead of on the affiant's personal observation and knowledge. Jones v. United States, 362 U.S. 257, 269–271, 80 S.Ct. 725, 4 L.Ed.2d 697; Brinegar v. United States, 338 U.S. 160, 174–175, note 13, p. 174, 69 S.Ct. 1302, 93 L.Ed. 1879. In our opinion, a substantial basis for crediting the hearsay was presented.

■ Appellant contends that the affidavit did not charge that any federal law was being violated. Rule 41(b), Rules of Criminal Procedure. The affidavit stated, "Information has been obtained by S. A. Clifford Anderson, F.B.I., Cincinnati, Ohio, which he believes to be reliable to the effect that Sam Eisner received furs which were a part of the loot from the Davidson Indiana Fur Co. in Ky., after they had been transported from Indianapolis, and had knowledge that they had been stolen." Reference was also made in the affidavit to Title 18, Section 2315, although it was not stated that Title 18 referred to was a part of the United States Code. The fact that the stolen furs were received by appellant "after" they had been transported from Indianapolis, Indiana, to Kentucky did not negative the fact that they were moving in interstate commerce at the time they were recieved and concealed by the appellant. Schwachter v. United States, 237 F.2d 640, C.A. 6th. We are of the opinion that the affidavit was sufficient in this respect.

With respect to the execution of the warrant, the following facts are material. The furs found in the automobile were not the furs stolen from the Davidson Indiana Fur Company of Indianapolis, Indiana, as stated in the affidavit. It developed that they were furs stolen from Wermuth Fur Company, Sioux Falls,

South Dakota, on August 29, 1960, and transported from South Dakota to Kentucky. The indictment charged the receipt and concealment of the Wermuth Fur Company furs and the interstate transportation of them from Sioux Falls, South Dakota, to Bowling Green, Kentucky, where the automobile was searched and the appellant arrested. These furs taken in the search of the automobile were used in evidence, after the petition to suppress evidence was denied. Appellant contends that these furs were illegally seized under the warrant which directed the officer to seize the furs stolen from the Davidson Indiana Fur Company of Indianapolis, Indiana.

■ Disregarding for the moment what was taken in the search, we are of the opinion that although the affidavit upon which the search warrant was issued referred to furs stolen from the Davidson Indiana Fur Company of Indianapolis, Indiana, and such furs were not found in the automobile, this fact did not invalidate the search warrant or the search. Probable cause to search the automobile existed, regardless of what the search developed. In determining what is probable cause, the Commissioner is not called upon to determine whether the offense charged has in fact been committed. He is concerned only with the question whether there is reasonable grounds to believe at the time of the affidavit that the law was being violated on the premises to be searched. Carney v. United States, 163 F.2d 784, 786, C.A. 9th, cert. denied 332 U.S. 824, 68 S.Ct. 165, 92 L.Ed. 400; Aderhold v. United States, 132 F.2d 858, C.A. 5th. See: Carroll v. United States, 267 U.S. 132, 161, 45 S.Ct. 280, 69 L.Ed. 543. When a search warrant is issued, it is not a guaranty that incriminating evidence will be found when the search is made. Whether anything is found by the search does not affect the validity of the warrant. United States v. Doe, E.D.Tenn. 19 F.R.D. 1, 4. This is the converse of the rule that the finding of incriminating evidence has no bearing upon the question of the right to have a warrant issued. United States v. Miller, W.D.N.Y. 36 F.Supp. 391, 392.

■ The search warrant described the property to be searched for and seized. Although the search was legal, the officer executing the warrant seized property different from that described. Rule 41(e), Rules of Criminal Procedure provides for the return of the property seized to the party aggrieved and to suppress its use as evidence on the ground that "the property seized is not that described in the warrant." In Marron v. United States, 275 U.S. 192, at p. 196, 48 S.Ct. 74, 76, 72 L.Ed. 231 the Supreme Court said, "The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant." See: Steele v. United States No. 1, 267 U.S. 498, 501, 45 S.Ct. 414, 69 L.Ed. 757.

However, the Supreme Court has apparently recognized an exception to this general rule in cases where the officer making a valid search with respect to a particular crime discovers that another crime is also being committed. In Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399, the Court held that a law enforcement agent in making a valid search may seize property found on the premises being searched which is the subject matter of a different crime, even though the officer was not aware that such property was on the premises when the search was initiated. In Kelly v. United States, 197 F.2d 162, 164, C.A. 5th, the Court said, " * * * where an officer is proceeding lawfully, making a valid search, and comes upon another crime being committed in his presence, he is entitled to seize the fruits thereof and there is no constitutional principle which forbids his testifying to a violation of law which he observed." Other cases applying this same rule are United States v. Howell, 240 F.2d 149, 156, C.A. 3rd; United States v. Old Dominion Ware-

house, 10 F.2d 736, 738, C.A. 2nd; Bennett v. United States, 145 F.2d 270, C.A. 4th. See: Davis v. United States, 328 U.S. 582, 592–593, 66 S.Ct. 1256, 90 L.Ed. 1453; Zap v. United States, 328 U.S. 624, 629, 66 S.Ct. 1277, 90 L.Ed. 1477, and dissenting opinion of Mr. Justice Frankfurter at page 632; Woo Lai Chun v. United States, 274 F.2d 708, 712, 79 A.L.R.2d 999, C.A. 9th.

In accordance with the rulings in these cases, we are or the opinion that the petition to suppress the evidence was properly denied and that the judgment should be affirmed.