■ The PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STEPHEN DANTZIG, Appellant —Judgment unanimously reversed on the law and facts and indictment dismissed. Order denying motion to suppress unanimously reversed and motion granted. Memorandum: On February 13, 1971, pursuant to a search warrant, State Police investigators entered a motel room occupied by defendant

and, upon searching the premises, seized a substantial amount of marihuana, a small amount of hashish, some plastic baggies with wire ties, three packages of cigarette papers, a set of scales and a strainer. Defendant was thereafter arrested and indicted for the crimes of criminal possession of a dangerous drug in the third, fourth and sixth degrees. Defendant's pretrial motion to suppress the seized property was erroneously denied. Following a jury trial, defendant was convicted of the crimes of criminal possession of a dangerous drug in the third degree and in the sixth degree. ¶ The primary issue raised on this appeal is whether the underlying affidavits presented to the issuing Justice were sufficient to establish probable cause for the issuance of the warrant. The then applicable section 793 of the Code of Criminal Procedure provided that "A search warrant cannot be issued, but upon probable cause, supported by affidavit, naming or describing the person, and particularly describing the property and the place to be searched". The Court of Appeals has stated that "Probable cause exists when there is reasonable ground of suspicion supported by facts and circumstances strong enough in themselves to warrant a cautious man in the belief that the law is being violated on the premises to be searched (*Carroll* v. *United States,* 267 U. S. 132; *Dumbra* v. *United States,* 268 U. S. 435; *Aderhold* v. *United States,* 132 F. 2d 858) ". (*People* v. *Marshall,* 13 N Y 2d 28, 34.) The court in *Marshall* went on to state that "Whether probable cause is present in a particular case must be determined from the facts of that case (*United States* v. *Ramirez,* 279 F. 2d 712, 714, cert. den. 364 U. S. 850) ". (*People* v. *Marshall, supra,* p. 35.) The affidavit of the police officer in support of the search warrant stated that "between the hours of 8:30 PM and 9:30 PM, February 12, 1971, three persons went into Room 'C' [Defendant's room] that were met at the door by a fourth person ". The only other affidavit presented in support of the issuance of the search warrant stated that the affiant was employed as a housemaid and in the course of servicing defendant's room observed that " there is a heavy odor of smoke that did not smell like cigarette smoke ". The affidavit also stated that there was a set of scales, baggie ties and burned and unburned incense in the room. Although not inconsistent with the possession of a dangerous drug, the evidence related by the affidavits was susceptable of innocent interpretations and could at most be described as " equivocal and suspicious ". Such proof when offered as support for the issuance of a search warrant based on probable cause is insufficient (*People* v. *Brown,* 24 N Y 2d 421, 423; *People* v. *Fino,* 14 N Y 2d 160, 163). (Appeal from judgment of Oswego County Court convicting defendant of criminal possession of dangerous drug, third and sixth degrees.) Present — Marsh, J. P., Witmer, Gabrielli, Cardamone and Henry, JJ.