**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Clivertine HATCHER, Defendant-
Appellant.**

**No. 72–1711.**

United States Court of Appeals,
Sixth Circuit.

Submitted Dec. 7, 1972.

Decided Feb. 7, 1973.

Eugene D. Smith and Ronald B. Finn, Cincinnati, Ohio, on brief for defendant-appellant.

William W. Milligan, U. S. Atty., Byron E. Trapp, Asst. U. S. Atty., Cincinnati, Ohio, on brief for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and CELEBREZZE and KENT, Circuit Judges.

KENT, Circuit Judge.

Defendant-appellant takes this appeal from her conviction in the United States District Court for the Southern District of Ohio under both counts of a Two-Count Information, each charging unlawful possession of a controlled substance in violation of Title 21 U.S.C. § 844(a). Upon conviction the appellant was sentenced to one year in prison and a $5,000 fine. The statute under which the sentences were imposed permits a sentence of one year in prison and a fine of $5,000 for each violation.

On appeal the appellant raises three issues: first, where a search warrant is directed against a specific individual, is evidence seized under the search warrant valid as to another person found on the premises searched; second, did the affidavit establish probable cause for the issuance of the search warrant, and third; was the sentence imposed so severe as to constitute cruel and unusual punishment within the meaning of the Eighth Amendment to the Constitution of the United States.

The facts are as follows. Agents of the United States Government made a lawful arrest of one James P. Craven at 1146 Laidlaw Avenue, Cincinnati. The arrest was for violations relating to narcotics and guns. At the time of the arrest the agents searched the entire house, purportedly for the purpose of assuring that no confederates of the suspect were present. Thereafter, on the suring that no confederates of the sus-same day, one of the agents of the Bureau of Narcotics and Dangerous Drugs made an affidavit for the purpose of securing a search warrant in which the following recitations were made:

"At 3:45 P.M. on August 11, 1971, a known narcotics trafficker, whom this affiant knows to be a known trafficker in narcotics because of confidential information in the files of the Bureau of Narcotics and Dangerous Drugs and the Cincinnati Police Department concerning the name Carl Sutton, which information the affiant is personally familiar with, namely Carl Sutton, was seen leaving the premises at 1146 Laidlaw. And at 3:55 P.M. when the affiant entered the dwelling and placed the said James P. Craven under arrest pursuant to a bench warrant issued for his arrest, as a result of a six-Count Indictment charging him with violations of the U.S. Narcotics laws and the U.S. gun laws, a loaded .38 caliber revolver was found in the care, custody and control of the defendant, Craven. Affiant further believes that there is probable cause to believe there is other contraband contained on the premises. In addition, a .22 caliber automatic pistol was found on the bed in the bedroom approximately 25 feet from the said James P. Craven. In addition, present on the premises of James P. Craven was one Clivertine Hatcher who is a known trafficker of narcotic drugs whom this agent has previously arrested on April 30, 1971 for unlawful possession of drugs. In addition, this affiant has previously, on approximately May 4, 1971, arrested the said James P. Craven for violation of the U.S. narcotics laws."

A search warrant was issued authorizing a search for "guns, money and narcotic drugs", and the warrant was captioned in an action entitled: "United States of America v. James P. Craven, a.k.a. James P. Cravens." The premises for which the search was authorized were described as "1146 Laidlaw Avenue."

Clearly, the fact that the warrant was captioned in the prosecution of James P. Craven does not affect the admissibility of the evidence discovered against the defendant if the search was otherwise valid. Harris v. United

States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947); United States v. Eisner, 297 F.2d 595 (6th Cir. 1962), cert. denied 369 U.S. 859, 82 S.Ct. 947, 8 L.Ed.2d 17 (1962); United States v. Teller, 397 F.2d 494 (7th Cir. 1968), cert. denied 393 U.S. 937, 89 S.Ct. 299, 21 L.Ed.2d 273 (1968). We hold that evidence secured as a result of a lawful search may be admitted in evidence in a prosecution directed toward someone other than the object of the search.

■ The third issue may be as readily disposed of. Clearly, the sentence of this appellant was within the maximum permitted by statute. While appellant's counsel suggests that sex or color may have had something to do with the sentence no basis is presented for such a conclusion. We find no abuse of discretion in the sentences imposed. United States v. Daniels, 446 F.2d 967 (6th Cir. 1971); United States v. Latimer, 415 F.2d 1288 (6th Cir. 1969); United States v. Jackson, 422 F.2d 975 (6th Cir. 1970).

■ We have remaining then the issue of the sufficiency of the affidavit in support of the search warrant. In determining that sufficiency we are concerned only with the statements of fact contained in the affidavit. Those statements were that Carl Sutton, "a known trafficker in narcotics", was seen leaving the premises at 1146 Laidlaw. It is thereafter stated that when Craven was arrested on the premises the agents found a .38 caliber revolver in his "care, custody and control", and a .22 caliber automatic pistol elsewhere on the premises. It was stated that this appellant was on the premises and she is described as "a known trafficker of narcotic drugs", but the only support for this statement is the fact that she had been arrested on one prior occasion for some offense related to narcotic drugs. There is nothing in the affidavit which in any way alleges or suggests that the possession of the guns in question constituted a crime under the laws of the United States or under the laws of the State of Ohio.

■ As the District Judge properly found, certainly the statement "affiant further believes that there is probable cause to believe there is other contraband contained on the premises" is a mere unsupported conclusion which would not justify the issuance of a search warrant. Moreover, the association between "known traffickers in narcotics" was the subject of discussion in Sibron v. New York, 392 U.S. 40, 88 S. Ct. 1889, 20 L.Ed.2d 917 (1968). In that case a policeman had followed Sibron for several hours and had observed him talking to several known narcotic addicts before he stopped him and searched him and found heroin on his person. The Supreme Court, in reversing the conviction, accepted the state's concession that the officer lacked probable cause to arrest Sibron for any crime. The Court pointed out that the patrolman who made the arrest and search was ignorant of the content of any conversations between Sibron and the addicts and that he saw nothing pass between Sibron and the addicts. As the Court said at 392 U.S. at 62, 63, 88 S.Ct. at 1902:

> "The inference that persons who talk to narcotics addicts are engaged in the criminal traffic in narcotics is simply not the sort of reasonable inference required to support an intrusion by the police upon an individual's personal security. Nothing resembling probable cause existed until after the search had turned up the envelopes of heroin."

The Supreme Court concluded that the heroin obtained in such a search was inadmissible in evidence against Sibron.

■ The mere fact that two persons known to have been engaged in trafficking in narcotics were observed on the same premises cannot justify a search of the premises without something more. In this case there was nothing more except the presence of two loaded guns which, absent any allegation of unlawful possession, would form no basis for any search or the issuance of a search warrant. It is true that the trial court at

the time of hearing and decision stated, "Affiant found a substantial sum of money and a gun in the custody of Craven," but no mention of money was made in the affidavit and the District Judge who issued the warrant could not go beyond the affidavit to obtain further corroborating information. United States v. Anderson, 453 F.2d 174 (9th Cir. 1971), where it was said at pages 176, 177:

> "The warrant to search Room 165 was issued pursuant to Fed.R.Crim.P. 41(c), which states,
>
>> 'A warrant shall issue *only on affidavit* sworn to before the judge or commissioner and establishing the grounds for issuing the warrant. If the judge or commissioner is satisfied that grounds for the application exist or that there is probable cause to believe that they exist, he shall issue a warrant . . .' (emphasis added)
>
> "We, therefore, reaffirm the requirement that all facts and circumstances relied upon for the issuance of a federal warrant be found in the written affidavit. This ensures that the commissioner may judge for himself the persuasiveness of the precise facts relied on to show probable cause and that the reviewing court may determine whether the constitutional requirements have been met without reliance upon faded and often confused memories. The District Court erred in denying appellants' motion to suppress the evidence seized in Room 165."[1]

We recognize that as stated in United States v. Eisner, 297 F.2d 595, 597 (6th

Cir. 1962), cert. denied 369 U.S. 859, 82 S.Ct. 947, 8 L.Ed.2d 17 (1962):

> "In determining what is probable cause, the Commissioner is not called upon to determine whether the offense charged has in fact been committed. He is concerned only with the question whether there is reasonable grounds to believe at the time of the affidavit that the law was being violated on the premises to be searched. Carney v. United States, 163 F.2d 784, 786, C.A.9th, cert. denied 332 U.S. 824, 68 S.Ct. 165, 92 L.Ed. 400; Aderhold v. United States, 132 F.2d 858, C.A.5th. See: Carroll v. United States, 267 U.S. 132, 161, 45 S.Ct. 280, 69 L.Ed. 543."

and certainly we do not disagree with the statement in United States v. Plemmons, 336 F.2d 731, 734 (6th Cir. 1964):

> "In testing the sufficiency, the affidavit must be read as a whole."

██ Unfortunately, while we adhere to the statement made in *Eisner* and accept it as good law we cannot find sufficient facts in the affidavit in this case to justify the issuance of a search warrant. There are no facts set forth in the affidavit which would justify a finding of probable cause to authorize the issuance of a warrant to search the premises at 1146 Laidlaw. The motion to suppress the evidence secured in the search should have been granted.[2]

For the reasons herein stated the judgments of conviction are reversed and the case is remanded for further proceedings not inconsistent with this opinion.

---

1. Accord: Rosencranz v. United States, 356 F.2d 310 (1st Cir. 1966); United States v. Freeman, 358 F.2d 459 (2nd Cir. 1966), cert. denied 385 U.S. 882, 87 S.Ct. 168, 17 L.Ed.2d 109 (1966); United States v. Sterling, 369 F.2d 799 (3d Cir. 1966); United States v. Pinkerman, 374 F.2d 988 (4th Cir. 1967).

2. In searching the premises the officers found 1,000 phenobarbital tablets, the subject of Count I of the Information, and 9 Empirin #3 tablets containing codeine, the subject of Count II of the Information.