■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. DONALD DI CARLO, Respondent.—Order unanimously affirmed. Memorandum: The People appeal from an order suppressing evidence obtained as a result of police wiretap, pursuant to an eavesdropping warrant. From information secured from the wiretap police seized evidence during the search of an apartment at 502 Linwood Avenue in the City of Buffalo. The search warrant was based substantially upon information secured through a previously authorized wiretapping of two telephone numbers listed to one other than defendant. The wiretap warrant was issued upon the affidavits of the District Attorney and a police officer named Derrico. The District Attorney's affidavit was entirely upon information and belief, the source of which was Officer Derrico. The dispositive issue in this appeal is whether the affidavits upon which the search warrant was granted contained the quantum of proof required for a showing of probable cause, which "exists when there is a reasonable ground of suspicion supported by facts and circumstances strong enough in themselves to warrant a cautious man in the belief that the law is being violated on the premises to be searched (*Carroll* v. *United States*, 267 U. S. 132; *Dumbra* v. *United States*, 268 U. S. 435; *Aderhold* v. *United States*, 132 F. 2d 858)" (*People* v. *Marshall*, 13 N Y 2d 28, 34). The People strongly urge that the decision in *People* v. *Gnozzo* (31 N Y 2d 134) requires a reversal of the order which suppressed the evidence. An examination of the affidavits in support of the applications for warrants in *Gnozzo* and the instant case indicates that there was substantially more evidence in both *Gnozzo* and the companion case of *People* v. *Zorn* (31 N Y 2d 134) than in the case at bar. In both *Gnozzo* and *Zorn* there was direct information that the telephone numbers sought to be tapped were being used for illegal gambling purposes. Such proof is absent in the instant case and the affidavits recite less than the minimum information necessary to show probable cause that illegal gambling activity was being transacted over the tapped telephones at Linwood Avenue. We do not disagree with the People's contention that conversations intercepted pursuant to a valid court order may be used to establish probable cause for the issuance of a subsequent warrant directed against a party not named in the original warrant. However, the facts contained in the affidavit, including the conversations intercepted by the State Police pursuant to the prior valid eavesdropping warrant, do not establish

probable cause to believe that illegal gambling activity was taking place over the two telephones at the Linwood address. Our affirmance is bottomed on the principle that "Issuance of an eavesdropping warrant requires, of course, probable cause (*People* v. *Kaiser*, 21 N Y 2d 86, 96, affd. *sub nom. Kaiser* v. *New York*, 394 U. S. 280; *Berger* v. *New York*, 388 U. S. 41, 55)." (*People* v. *Gnozzo*, *supra*, p. 140). The facts in the record before us do not establish the requisite probable cause. (Appeal from order of Erie County Court granting motion to suppress.) Present — Goldman, P. J., Del Vecchio, Marsh, Witmer and Moule, JJ.