STATE OF HAWAII, Plaintiff-Appellant, *v.* STEPHEN G. McCULLY and DEAN GANA, Defendants-Appellees

NO. 7759

CRIMINAL NO. 5580

MARCH 24, 1982

RICHARDSON, C.J., NAKAMURA, J., RETIRED JUSTICE MARUMOTO IN PLACE OF LUM, J., EXCUSED, AND RETIRED JUSTICES OGATA AND MENOR, ASSIGNED BY REASON OF VACANCIES

OPINION OF THE COURT BY MARUMOTO, J.

Defendants Stephen G. McCully and Dean Gana were indicted by the grand jury of the Third Circuit Court on April 27, 1978, the former on three counts, as follows:

Count I: Attempting to promote dangerous drug in the second degree, in violation of HRS §§ 705-500 and 712-1242;

Count II: Promoting detrimental drug in the second degree, in violation of HRS § 712-1248;

Count III: Promoting dangerous drug in the third degree, in violation of HRS § 712-1243;

and the latter in one count as follows:

Count IV: Attempting to promote dangerous drug in the first degree, in violation of HRS §§ 705-500 and 712-1241.

The drug involved in Counts I, III, and IV was methamphetamine, and the drug involved in Count II was marijuana.

Counts I, III, and IV were based on evidence found by the Police Department of the County of Hawaii upon search of first class

United States mail parcel sent from San Diego, California, by Gana, addressed to McCully at P. O. Box KTA 3616, Hilo, Hawaii, with a sticker pasted thereon showing McCully's new post office box at Hilo Airport Post Office, being P. O. Box 4461, Hilo, Hawaii 96720.

The search was made pursuant to search warrant issued by Mark Norman Olds, district judge of the Third Circuit, and served on Arthur Aiwohi, postmaster of Hilo Airport Post Office.

Although it is not clearly shown in the record, Count II was presumably based on evidence found in the course of searches conducted under additional search warrants issued by Judge Olds after the discovery of methamphetamine in the search under the original warrant.

This case is here on appeal by the State of Hawaii from an order of the Third Circuit Court granting Gana's motion, joined in by McCully, for suppression of the evidence obtained by the Police Department upon search of the mail parcel sent by Gana to McCully.

Defendants sought suppression of the evidence on the following grounds:

(1) Search of the United States mail parcel in this case was unlawful because, for such purpose, a Federal search warrant was required, and a State search warrant was invalid;

(2) State search warrants issued after the discovery of methamphetamine upon search conducted under the original search warrant were invalid inasmuch as they were tainted by the invalidity of the original search warrant;

(3) There were numerous violations of the United States postal regulations which made the search under the original search warrant illegal; and

(4) The affidavit in support of the original search warrant failed to state sufficient facts to support a finding of probable cause, and, even if such facts were stated, they were too remote in time and stale for the issuance of the same.

The circuit court granted the motion for suppression solely on the first ground, stating in its order that "the evidence seized in the instant cause be suppressed since the state issued search warrant was invalid as a federal search warrant was required."

The second ground stands or falls depending on the validity of the first ground.

With reference to the third and fourth grounds, the circuit court stated in its conclusions of law as follows:

"3. The postal regulation violations in the instant cause do not call for the suppression of evidence"; and

"4. The information presented in the affidavit in support of the search warrant for the package in the custody of the United States Postal Service at the Hilo Airport Post Office was not stale, and probable cause existed."

Rule 3(b)(3) of the rules of this court requires that the opening brief on appeal contain a short and concise statement of the question or questions presented for decision by this court, and provides that questions not so presented will be disregarded, although the court, at its option may notice plain error not presented.

Under Rule 3(c), appellee is required to include, in his answering brief, a counterstatement of questions presented for decision, unless he is satisfied with the statement of question in the opening brief.

On this appeal, the State of Hawaii stated the following question in its opening brief as the sole question for decision on this appeal:

Whether a state search warrant, issued for the investigation of a state criminal offense, is valid, when served on a postal official at a United States post office for the search and seizure of a mail parcel.

Gana's statement of question in his answering brief is identical with that of the State of Hawaii, although couched in somewhat different language. So is the statement of question in McCully's answering brief.

Neither Gana nor McCully included the validity of the conclusions of law by the circuit court on the third and fourth grounds as question for decision by this court.

We cannot say that the conclusions of law of the circuit court on the third and fourth grounds are plain errors which this court may notice at its option.

Consequently, we limit our inquiry to the single question stated in the opening brief, namely, whether a State search warrant was valid for search and seizure of the first class mail parcel in this case when it was still in the custody of the United States post office.

We state below the facts in the record which are pertinent to this appeal.

*January 20, 1978*

 Sergeant John De Sa, a police officer assigned to the vice division of the Police Department of the County of Hawaii, received information regarding McCully's possible criminal activities.

*January 25, 1978*

De Sa went to Hilo Airport Post Office to see the supervisor in charge. He was referred to Maile Mattos, a window service technician.

As window service technician, Mattos supervised the window personnel of the post office, and handled claims and inquiries.

De Sa identified himself to Mattos as a police officer by showing his badge. He then informed Mattos that the Police Department suspected that drugs would be sent from San Diego by mail addressed to McCully, and inquired whether McCully had a post office box at Hilo Airport Post Office. At that time, De Sa knew that McCully previously had a box at KTA Post Office in Hilo.

Mattos checked the files of Hilo Airport Post Office; informed De Sa that McCully had a post office box there; and furnished him the number of McCully's box at that post office, as well as the number of the box McCully previously had at KTA Post Office.

Mattos furnished the information requested by De Sa because she had previously been instructed by her superiors to cooperate with law enforcement officers when they came in with specific requests. ·

*February 2, 1978*

Mattos contacted De Sa by telephone, and informed him that a parcel from San Diego addressed to McCully had arrived. She also told De Sa that someone had placed a parcel pick-up notice in McCully's box, and when McCully came for the parcel, she stated to McCully that the notice was put in his box by mistake and there was no parcel for him.

Upon receiving the telephone call, De Sa went to the post office, and the following transpired:

    (a) De Sa met Mattos, who referred him to Aiwohi, the post-

master, inasmuch as the parcel was sent as first class mail and was not addressed to De Sa.

(b) Upon entering Aiwohi's office, De Sa saw the parcel on a table there. With Aiwohi's permission, De Sa took a photograph of the outside of the parcel, and copied the addresses thereon. However, Aiwohi did not permit De Sa to take possession of the parcel or examine its contents. Aiwohi told De Sa that he had been in contact with Mike Triworgy, a postal inspector in Honolulu; that Triworgy advised him not to release the parcel except upon service of a search warrant; and that, if De Sa wanted further information, he should contact Triworgy.

(c) De Sa telephoned Triworgy, who confirmed the requirement regarding a search warrant. However, Triworgy did not tell De Sa that the warrant should be a Federal search warrant. Triworgy also told De Sa that, after taking possession of the parcel and examining its contents, he should hold the parcel without resealing it, pending the arrival of a postal inspector from Honolulu, because only postal inspectors were authorized to reseal the parcel and put it back in the mail.

(d) After his conversation with Aiwohi and Triworgy, De Sa obtained a search warrant from Judge Olds, served the same on Aiwohi, and sent a copy to the postal inspectors' office in Honolulu.

(e) Aiwohi delivered the parcel to De Sa upon receiving the search warrant. De Sa then took the parcel to the Police Department, where he opened it and found one glass bottle containing 40 packets of brown powder. Test of the brown powder disclosed that it was methamphetamine. Thereafter De Sa kept the parcel and its contents in the Police Department until the arrival of a postal inspector from Honolulu.

*February 6, 1978*

Steve Ovelgonne, a postal inspector in Honolulu, went to Hilo. There he met De Sa, and accepted the parcel for resealing and reinsertion in the mail.

The facts stated above show that De Sa obtained the evidence in question with the full cooperation of officials of the United States

Postal Service and by following the instructions which he received from them.

Validity of a search warrant is determined as of the date it is issued and executed. *United States v. Doe,* 19 F.R.D. 1 (U.S.D.C. E.D. Tenn. 1956).

Consequently, we will resolve the question at hand in accordance with the legal situation which existed on February 2, 1978, when De Sa obtained the search warrant from Judge Olds and executed it on Aiwohi.

The legal situation on February 2, 1978, with respect to search of first class mail in the custody of Postal Service was as follows:

(a)  United States Code, Title 39, § 3623(d), provided that no first class mail of domestic origin shall be opened except under authority of a search warrant authorized by law. That provision was enacted in Public Law No. 91-375 on August 12, 1970.

(b)  Previously, 39 U.S.C. § 4057, which was enacted in Public Law No. 86-682, on September 2, 1960, had provided that only a person holding a search warrant authorized by law may open any letter or parcel of first class which was in the custody of the Post Office Department.

(c)  There was no Federal court decision which construed the words "search warrant authorized by law," as used in the statutes mentioned above, as requiring a Federal search warrant to the exclusion of a search warrant issued by a State court.

(d)  Postal Service had not taken final action on proposed rules regarding mail security, which was published in Federal Register, Volume 42, pages 18754-18758, on April 8, 1977. The proposed rules contained a provision in Section 115.61, which read as follows:

No employee shall permit the execution of a search warrant issued by a State court and served by a State officer. If in doubt, an employee should temporarily detain the mail in question and promptly call a postal inspector for guidance.

(e)  The practice in Postal Service was to honor search warrants issued by State courts and served by State officers.

At the circuit court hearing on the motion to suppress, Gana's attorney introduced the following documents which were admitted in evidence:

*Exhibit B:* United States Postal Service — Mail Security

Regulations — Final Rule — published in Federal Register, Volume 43, pages 14308-14314, on April 5, 1978 - Effective date, May 5, 1978;

*Exhibit C:* General Information Postal Service — Mail Security — Post Office Services (Domestic) TL 44-8-21-78 — Issue 120.

Final rule adopted in Exhibit B incorporated the provision of Section 115.61 quoted above. Exhibit C is a portion of Postal Manual which incorporated the final rule adopted in Exhibit B.

Both Exhibit B and Exhibit C are not material to the decision in this case because they were not in existence when De Sa obtained the search warrant from Judge Olds and served it on Aiwohi, pursuant to the instruction which he received from Triworgy.

Evidence regarding the practice of Postal Service, before the adoption of Exhibit B, to honor search warrants issued by State courts and served by State officers is contained in the testimony of Ovelgonne, who was called by Gana's attorney as a witness at the hearing on the motion to suppress. Ovelgonne's testimony was as follows:

(a) He had been a postal inspector in California since March 1972 and in Hawaii since January 1978.

(b) On February 2, 1978, and prior thereto, post offices in California honored State search warrants.

(c) On February 2, 1978, when Triworgy had a telephone conversation with De Sa, he did not specify Federal search warrant because, at that time, the law department of Postal Service had stated that new instructions were forthcoming, but they were not issued until after that date.

(d) In the six years he had been a postal inspector in California, he participated in controlled deliveries approximately twenty-five times and about ninety percent of those deliveries involved State search warrants.

In *Waikiki Resort Hotel, Inc. v. City and County of Honolulu,* 63 Haw. 222, 242-43, 624 P.2d 1353, 1368 (1981), we stated:

It is a well established rule of statutory construction that, where an administrative agency is charged with the responsibility of carrying out the mandate of a statute which contains words of broad and indefinite meaning, courts accord persuasive weight to administrative construction and follow the same, unless the

construction is palpably erroneous.

That statement is supported in *Udall v. Tallman,* 380 U.S. 1, 16 (1965), in which it is stated:

> When faced with a problem of statutory construction, this Court shows great deference to the interpretation given the statute by officers or agency charged with its administration.

Here, we think that the inclusion of State search warrant under a statute requiring "search warrant authorized by law" was not palpably erroneous.

Reversed.

*Jay T. Kimura,* Deputy Prosecuting Attorney, County of Hawaii, for plaintiff-appellant.

*Charles L. Goldberg (Goldberg & Link* of counsel) for defendant-appellee Gana.

*Keith M. Kiuchi* and *Daphne Barbee,* Deputy Public Defenders, for defendant-appellee McCully.