UNITED STATES of America,
Plaintiff-Appellee,

v.

Luvert TELLIS, Jr., Defendant-Appellant.

No. 75–2467.

United States Court of Appeals,
Sixth Circuit.

Argued June 14, 1976.

Decided July 27, 1976.

Rehearing and Rehearing En Banc
Denied Aug. 23, 1976.

Martin Gary Deutch, Southfield, Mich. (Court-appointed CJA), for defendant-appellant.

Ralph B. Guy, Jr., U. S. Atty., Richard L. Delonis, Detroit, Mich., for plaintiff-appellee.

Before WEICK, EDWARDS and LIVELY, Circuit Judges.

PER CURIAM.

Appellant in this case was convicted after a jury trial on three counts of a four-count indictment charging him with violation of the Controlled Substances Act, 21 U.S.C. § 841(a)(1) (1970), and 21 U.S.C. § 844(a) (1970).

Defendant on appeal challenges the constitutionality of the search warrant, the manner of its execution, and the sufficiency of the proofs. We have examined the affidavit upon which the search warrant was issued with great care and believe that it conforms to the Fourth Amendment rules laid down in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). *See also United States v. Harris*, 403 U.S. 573, 91

S.Ct. 2075, 29 L.Ed.2d 723 (1971). We do not believe that where the informant stated he had been in the premises to be searched within the past three days and had seen a white powder which defendant told him was heroin, the information was too stale to support issuance of the warrant. *See United States v. Harris, supra.*

■ Nor do the facts pertaining to the execution of the warrant in our view require our finding a violation of 18 U.S.C. § 3109 (1970), since the officers announced their purpose and authority and waited an appreciable time before forcing entrance into the premises.

■ Finally, the evidence is undisputed that the house where the heroin and marijuana was found was appellant's residence. The heroin was found in a refrigerator in the basement, which was owned by defendant, while the marijuana was found in a dresser in defendant's bedroom. In various places in the house, including the kitchen, there were other items associated with the narcotics trade: quinine, manitol, and a filed-down spoon. Under these circumstances the jury could have concluded that defendant had constructive possession of the narcotics charged in Counts 1 and 2 and 4. The judgment of the District Court is affirmed.