**UNITED STATES, Plaintiff,**

v.

**James Lee MISSOURI, Defendant.**

No. 86–80284.

United States District Court,
E.D. Michigan, S.D.

Aug. 18, 1986.

Stanley Lee Janice, Asst. U.S. Atty., Detroit, Mich., for plaintiff.

Cornelius Pitts, Detroit, Mich., for defendant.

# MEMORANDUM AND ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION

COHN, District Judge.

## I.

This case involves a two-count indictment for a felon[1] in possession of firearms. 18 U.S.C. App. § 1202(a)(1). The physical evidence was seized in two different premises searches, one on January 14, 1986 and the other on January 17, 1986. Defendant moves to suppress the firearms on the grounds that there was not probable cause for issuance of the January 14 search warrant.[2] He also seeks disclosure of the identity of the informant who supplied the affiant, a police officer, with most of the facts supporting the warrant. Finally, he asks for a *"Franks"* evidentiary hearing, *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1983), on the basis of affidavits that he argues show the affiant acted with reckless disregard of the falsity of the facts supporting the search.

The magistrate to whom the motion to suppress was referred, 28 U.S.C. § 636, recommends rejecting defendant's motion in all respects. The magistrate's report and recommendation of June 17, 1986 sufficiently sets forth the relevant facts. The magistrate found that the affidavits do not necessarily put into dispute any of the factual statements made by the affiant. The magistrate also found that the affidavit supported a determination of probable cause under a "common cause" interpretation. *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). In particular, he found that the affidavit, on its face, made sufficient representations to establish the credibility of the informant and the basis for his knowledge of the underlying facts. Defendant objects that, without

---

1. Defendant was convicted in 1976 in the Eastern District of Michigan for possession of heroin.

2. Defendant explicitly challenges only the January 14 search warrant of his residence (another January 14 warrant was the predicate for a search of premises where drug sales allegedly occurred). The subsequent January 17 search of the residence of defendant's friend was based in part on information provided by the same informant who supplied information for the January 14 search. The results of the January 14 search itself also provided some of the grounds for the January 17 search because it turned up evidence that upheld the credibility of the informant.

knowledge of the informant's identity, it is impossible for him to determine whether the affiant acted in reckless disregard of falsity. Further, he argues that nothing in the affidavit independently establishes the credibility of the informant to justify a determination of probable cause; that there was insufficient corroboration to establish the basis of the informant's knowledge; that the informant's information was stale; and that the information was insufficient to establish a nexus between the alleged place of drug transactions and defendant's residence.

Reading the affidavit in light of the applicable legal principles, discussed below, and after having conducted an in camera hearing in which I examined the affiant, I am satisfied that the state court magistrate who approved the issuance of the warrant could logically conclude that defendant's residence contained cocaine or evidence of cocaine trafficking and, therefore, the warrant was properly issued.

## II.

"[G]reat deference" is accorded to a magistrate's determination of probable cause in the issuance of a search warrant. *United States v. Leon,* 468 U.S. 897, 914, 104 S.Ct. 3405, 3417, 82 L.Ed.2d 677 (1984); *United States v. Rosenbarger,* 536 F.2d 715, 719 (6th Cir.1976). There is a presumption that a magistrate has properly performed his duty with regard to whether an affidavit for a search warrant shows probable cause. *See United States v. Giacalone,* 541 F.2d 508, 513–14 (6th Cir.1976). My task in reviewing the warrant application "is not to conduct a *de novo* determination of probable cause, but only to determine whether there is substantial evidence in the record supporting the magistrate's decision to issue the warrant." *Massachusetts v. Upton,* 466 U.S. 727, 728, 104 S.Ct. 2085, 2086, 80 L.Ed.2d 721 (1984), relying on *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). In doubtful cases or where alternative readings of the affidavit are equally reasonable the magistrate's judgment is to be respected in light of the preference given to search warrants.

*See Gates,* 462 U.S. at 237 n. 10, 103 S.Ct. at 2331 n. 10, quoting *United States v. Ventresca,* 380 U.S. 102, 109, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965); *United States v. Jenkins,* 525 F.2d 819, 824 (6th Cir.1975).

## III.

As to the facial validity of the affidavit, the issue is whether it indicates reasonable grounds to believe that defendant's residence contained the items described in the warrant (cocaine, proceeds, paraphernalia, records, firearms, etc.). *United States v. Eisner,* 297 F.2d 595, 597 (6th Cir.), *cert. denied,* 369 U.S. 859, 82 S.Ct. 947, 8 L.Ed.2d 17 (1962). The affidavit must be tested and interpreted by magistrates and courts in a common sense and realistic fashion. *Ventresca, supra,* 380 U.S. at 108, 85 S.Ct. at 745. As explained in *Gates, supra,* probable cause exists where there is a "fair probability that contraband or evidence of a crime will be found in a particular place." 462 U.S. at 238, 103 S.Ct. at 232. This determination is made based upon a consideration of "the totality of the circumstances," 462 U.S. at 230, 103 S.Ct. at 2328, although the informant's credibility and basis of knowledge remain relevant considerations, *id,* and a strong showing as to one factor will compensate for a deficiency in the other, *id.* at 233, 103 S.Ct. at 2329. All that is required is that "enough information be presented to the [magistrate] to enable him to make the judgment that the charges are not capricious and are sufficiently supported to justify bringing into play the further steps of the criminal process." *Gates,* 462 U.S. 230 n. 6, 103 S.Ct. at 2328 n. 6, quoting *Jaben v. United States,* 381 U.S. 214, 224–25, 85 S.Ct. 1365, 1370–71, 14 L.Ed.2d 345 (1965).

## A.

The Sixth Circuit Court of Appeals has said that it is sufficient to establish an informant's credibility where his information regarding the defendant is based on direct observation and he has been reliable in the past. *United States v. Algie,* 721 F.2d 1039, 1041 (6th Cir.1983). While a simple statement that there is "an established reliable informant" does not suffice

to establish credibility, the informant's presence at the scene of a crime, the specification of information such as location, personal knowledge of several illegal sales, and the fact that the affiant swears to the informant's "reliability," will suffice to establish reliability. *United States v. Townsend*, 394 F.Supp. 736, 742 (E.D.Mich.1975).

Here, the warrant affidavit states that the informant observed narcotics transactions on premises, although not defendant's residence, being otherwise sufficiently connected with defendant; there was a recitation of prior correct information obtained from the informant based on corroborative investigation; and defendant had been convicted for using narcotics in the past. The affidavit showed the basis for the informant's knowledge and his credibility. These combined facts suffice to support the magistrate's determination of probable cause. *See Jones v. United States*, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), discussed in *Gates*, 462 U.S. at 232 n. 7, 103 S.Ct. at 2329 n. 7.

### B.

■ It is obvious, of course, that probable cause must exist at the time the warrant is issued. *Sgro v. United States*, 287 U.S. 206, 210–11, 53 S.Ct. 138, 140, 77 L.Ed. 260 (1932). In *Rosenbarger, supra,* the Sixth Circuit found "eminently reasonable" the assumption that stolen goods delivered to a particular place will be there a mere twenty-one days later. 536 F.2d at 720. In the case *sub judice,* it was likewise reasonable to believe that proceeds and records of cocaine transactions, credibly tied to defendant, would be found only 72 hours after the informant advised he witnessed such sales.

Even if other facts supporting the warrant occurred at some "unspecified time in the past," this is not fatal to the warrant. *Townsend, supra,* held that, although information is stale where it relates to isolated prior dealings that occurred at some point in the unspecified past, the staleness is vitiated where early encounters set the pattern for and are followed by recent similar ones. 394 F.Supp. at 745.

### C.

■ There must also have been some reason to believe that the items to be searched for existed on defendant's premises, *Gates, supra,* although this is a "practical, nontechnical conception," *United States v. Thomas*, 757 F.2d 1359, 1367 (6th Cir.1985), quoting *Brinegar v. United States*, 338 U.S. 160, 176, 69 S.Ct. 1302, 1311, 93 L.Ed. 1879 (1949). The evidence need not be "direct, first-hand, or 'hard.'" *Thomas, id.* Some courts have drawn the inference that known drug dealers are likely to keep drugs in their homes, even where there is no evidence directly leading to that inference. *E.g., United States v. Gant*, 759 F.2d 484 (5th Cir.), *reh'g denied,* 765 F.2d 1120, *cert. denied,* — U.S. —, 106 S.Ct. 149, 88 L.Ed.2d 123 (1985); *United States v. Johnson*, 660 F.2d 749, 753 (9th Cir.1981), *cert. denied sub nom. Winter v. United States*, 455 U.S. 912, 102 S.Ct. 1263, 71 L.Ed.2d 452 (1982).

Although "the informant did not say that any of the illegal activity that he observed had taken place at" defendant's residence, *Thomas*, 757 F.2d at 1368, he did report seeing defendant's car in front of his residence "after narcotics records and proceeds have been turned over to Missouri." In light of the facts presented in the warrant to the magistrate and what is generally known about drug traffickers, there was substantial evidence to support the magistrate's determination of probable cause to believe proceeds or records were on defendant's premises.

### IV.

### A.

■ To obtain a requested *"Franks"* hearing, the defendant must make a "substantial preliminary showing" of falsity or reckless disregard by the affiant for the falsity of an informant's information, *Franks*, 438 U.S. at 155–56, 170, 98 S.Ct. at 2676, 2683. As previously discussed, where the affiant relies upon an informant's tip, there must only be some objective basis for ascertaining whether the affi-

ant could reasonably believe the informant's veracity:

> [T]he affidavit must recite "some of the underlying circumstances from which the informant concluded" that relevant evidence might be discovered, and "some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, was 'credible' or his information 'reliable.'"

*Id.* at 165, 98 S.Ct. at 2681, quoting *Aguilar v. Texas,* 378 U.S. 108 at 114, 84 S.Ct. 1509, at 1514. Therefore, to obtain an evidentiary hearing, the Supreme Court noted in *Franks* that "more [is required] than a mere desire [by defendant] to cross-examine." *Id.* at 171, 98 S.Ct. at 2684.

### B.

There is no evidence in the record, in the classical *Franks* sense, that the affiant lied to obtain the warrant. Thus, the issue is whether defendant made a sufficient showing through the affidavits filed in support of the motion to suppress to establish reckless disregard for truth or falsity in the affiant. It was proper for the magistrate to conclude, as he did in his report and recommendation, that the affidavits offered on behalf of defendant, even if credited, did not necessarily contradict the informant's statements as related in the warrant affidavit. Defendant's own denial of the informant's statements as to his alleged drug activity do not show that the affiant was on notice of facts that establish recklessness in relying on the informant's statements. *United States v. Brian, supra,* 507 F.Supp. 761 at 764 (D.R.I.1981).

### V.

At the July 17 hearing on his objections to the magistrate's report and recommendation, defendant pressed for disclosure of the informant's identity and urged that I conduct an in camera inquiry regarding the affiant's reliance on the informant, *United States v. Brian, supra.*

### A.

■ Although the Supreme Court has indicated that an informant's identity may be required to be disclosed when essential to the defense, as when the officer's good faith is at issue, *see Scher v. United States,* 305 U.S. 251, 59 S.Ct. 174, 83 L.Ed. 151 (1938) (declining to require disclosure), the Supreme Court has shied away from requiring disclosure in all cases even at the trial stage. *See Roviaro v. United States,* 353 U.S. 53, 76 S.Ct. 623, 1 L.Ed.2d 639 (1957). When the issue is not guilt or innocence, but, as here, the question of probable cause for a search, the Supreme Court has been reticent to require disclosure. *See generally McCray v. Illinois,* 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967). The magistrate who issued the warrant already had the opportunity, had he doubted the affiant's credibility, to "require that the informant be identified or even produced." *McCray,* 386 U.S. at 307–08, 87 S.Ct. at 1060–61. Unless defendant presents some reason for doubting the affiant's credibility, disclosure will not be required; neither the issuing magistrate nor the reviewing magistrate need "assume the arresting officers are committing perjury." *McCray,* 386 U.S. at 313, 87 S.Ct. 1063.

In the case *sub judice,* the informant does not purport to have participated in the sale of cocaine or assisted in transporting to defendant's residence the contraband sought. Defendant has not shown that the informant's testimony would be significant. Disclosure of the informant is not required.

### B.

Defendant also argues that he needs to know who the informant is, however, if he is to have any chance of establishing his entitlement to a *"Franks"* hearing. In other words, he argues that without knowing who the informant is, he cannot hope to establish facts showing the affiant's bad faith. *Brian, supra.* At the July 17 hearing, defendant presented an excerpt from an evidentiary hearing in a state criminal case involving the same affiant as here. The state court judge found that, contrary to the affidavit before him, there was no informant. Defendant suggested this sufficiently put the affiant's credibility into question to require further examination of the affiant at an in camera hearing.

I agree that the threshold showing to obtain such an in camera hearing is low and it is problematic if it was met here. *See* 1 W. LaFave, *Search and Seizure* § 3.3(g) at 579 (1978); J. Grano, *A Dilemma For Defense Counsel: Spinelli-Harris Search Warrants and the Possibility of Police Perjury,* 1971 U.Ill.L.F. 405, 445–47; *see also People v. Poindexter,* 90 Mich. App. 599, 607–09 & n. 2, 282 N.W.2d 411 (1979). I see no reason, however, to quibble on whether or not to conduct an in camera hearing since the only real good reason for my not examining the affiant in camera in this case is a lack of time or inconvenience. An occasional in camera hearing regarding a search warrant may have a therapeutic institutional effect.

Therefore, on July 25 and August 1, I conducted an in camera hearing with the affiant, the Assistant United States Attorney, my law clerk, and the court reporter present. I probed the basis for the affiant's statements that an informant supplied him with the information contained in the warrant and had provided correct information in previous cases. Based upon the affiant's answers to my questions and the documents he produced, I am satisfied that an informant as described in the affidavit existed and that the affiant was credible. Therefore, defendant's request for a *Franks* hearing is rejected.

### VI.

For the above reasons, I adopt the magistrate's report and recommendations in their entirety. The motion to suppress is DENIED. SO ORDERED.