886 F.2d 1317
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Annette GRAY, Defendant-Appellant.
 No. 89-1308.
 United States Court of Appeals, Sixth Circuit.
 Oct. 3, 1989.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant, Annette Gray, appeals from the district court's denial of her motion to suppress. For the reasons set forth below, we affirm the order of the district court.
 
 I.
 
 2
 Defendant, Annette Gray, was charged in a seven-count federal indictment with Count 2, conspiracy to distribute cocaine in violation of 21 U.S.C. Secs. 846 and 841(a)(1) and Count 5, possession with intent to distribute cocaine base in violation of 21 U.S.C. Sec. 841(a)(1) on April 15, 1988. On June 22, 1988, Gray moved to suppress evidence found in a search of her home. The district court denied Gray's motion to suppress and permitted the government to present the evidence. After a jury trial, defendant was found guilty on both counts and sentenced to 65 months in prison. She now appeals from the district court's denial of her motion to suppress.
 
 
 3
 On February 16, 1988, a federal search warrant was executed at 1814 Oxley Drive, Flint, Michigan, the residence of Darrell Robertson. Darrell Robertson was identified in the affidavit as a "primary lieutenant in [a] cocaine trafficking organization" by an undercover police informant who had previously purchased cocaine from Robertson and from Johnny Henderson, the alleged leader of the organization. Darrell Robertson was arrested during the search and provided information regarding the activities of other members of the organization.
 
 
 4
 Robertson informed special agent Dodson of the Drug Enforcement Administration that Annette Gray, who resided at 906 W. Moore Street, was the girlfriend of Johnny Henderson. Robertson stated that he had seen cocaine at 906 W. Moore Street dozens of times since 1987 and most recently on February 10, 1988. Robertson stated that through the use of a beeper and code name, he and Henderson would meet at the house. Approximately one month before, he had seen someone named Horace pay Johnny Henderson a large quantity of money at the house. He stated that proceeds from the sale of drugs were kept at 906 W. Moore Street and two other locations.
 
 
 5
 On the same day as Robertson's arrest, special agent Dodson supplemented the earlier affidavit used for the search of 1814 Oxley Drive with this additional information and requested warrants authorizing a search of the three locations named by Robertson. The affidavit also included information provided by Lt. Hogan of the Flint Police Department. Lt. Hogan stated that on February 12, 1988, a reliable informant had told him that Johnny Henderson used 906 W. Moore Street to store and distribute cocaine. Based on this information, the magistrate issued a federal search warrant for 906 W. Moore Street and the two other locations, authorizing a search for cocaine and other controlled substances, records of sales of controlled substances, firearms, records and documents reflecting names and addresses, and U.S. currency, jewelry, deeds, titles and other indicators of ownership.
 
 
 6
 Annette Gray was present when the search warrant was executed on February 16, 1988. The search uncovered a quantity of crack cocaine located in the basement between two rafters, a .38 caliber Charter Arms revolver, a quantity of crack cocaine found in the bedroom underneath the bed, a mixture of marijuana and cocaine found on a dresser, a triple beam scale, a sheet of paper with alleged drug calculations on it, a phone bill and rental application in Annette Gray's name, and a photograph of Annette Gray and Johnny Henderson.
 
 
 7
 Gray argues that the district court erred in denying her motion to suppress because the affidavit lacked probable cause and special agent Dodson did not act with either objective or subjective good faith. The government contends that the warrant was based on probable cause and that, even if no probable cause existed, Dodson's reasonable belief that the warrant was valid is sufficient under United States v. Leon, 468 U.S. 897 (1984).
 
 II.
 
 8
 In Illinois v. Gates, 462 U.S. 213 (1983), the Supreme Court rejected the rigid, two-prong probable cause test established in Aguilar v. Texas, 378 U.S. 108 (1964), and Spinelli v. United States, 393 U.S. 410 (1969). The Aguilar-Spinelli test required that a search warrant affidavit based on an informant's tip contain (1) information regarding the "reliability" or "credibility" of the informant, and (2) information indicating the informant's basis of knowledge. Aguilar, 378 U.S. at 114. The Gates court explained that although these elements "are all highly relevant in determining the value of [an informant's] report," they should not be "rigidly exacted in every case...." Gates, 462 U.S. at 230. Instead, the Court adopted a "totality-of-the circumstances approach" to determine if the magistrate had " 'substantial basis for ... conclud[ing]' that a search would uncover evidence of wrongdoing...." Id. at 236 (quoting Jones v. United States, 362 U.S. 257, 271 (1960)). See United States v. Ventresca, 380 U.S. 102 (1965); United States v. Swihart, 554 F.2d 264, 270 (6th Cir.1977). Furthermore, the reviewing court should not undertake a de novo review of the sufficiency of an affidavit, Gates, 462 U.S. at 236, but should pay great deference to the issuing magistrate's probable cause determination. Spinelli, 393 U.S. at 419.
 
 III.
 
 9
 The issue in the present case, then, is whether the affidavit in the totality of circumstances creates a substantial basis for concluding that a search would uncover evidence of wrongdoing. The affidavit was based on the statements of a named informant, Darrell Robertson, stating that he had seen cocaine at the residence of Annette Gray within the past six days. In United States v. Pelham, 801 F.2d 875, 878 (6th Cir.1986), cert. denied, 479 U.S. 1092 (1987), this court held that "[w]hen a witness has seen evidence in a specific location in the immediate past, and is willing to be named in the affidavit, the 'totality of the circumstances' presents a 'substantial basis' for conducting a search for that evidence."
 
 
 10
 Defendant Gray argues that Pelham is distinguishable from the present case because in Pelham marijuana had been observed in the past twenty-four hours whereas in the present case the named informant's observation occurred six days before the warrant was issued. We find defendant's argument that Robertson's observation of cocaine was stale to be without merit. United States v. Tellis, 538 F.2d 1254, 1255 (6th Cir.1976) (information that heroin had been seen on premises in past three days was not stale).
 
 
 11
 The passage of time is not necessarily the controlling factor in the determination of the existence of probable cause. United States v. Foster, 711 F.2d 871, 878 (9th Cir.1983), cert. denied, 465 U.S. 1103 (1984). In determining the likelihood that certain items will still be located in a place where they have been earlier seen, the court should take into account the nature of the criminal activity and the kind of property for which authorization is sought. United States v. Bruner, 657 F.2d 1278, 1298 (D.C.Cir.1981). The affidavit in the present case sought evidence of an ongoing criminal conspiracy, not evidence related to a completed criminal act. Robertson, the informant, was identified as a primary lieutenant in the conspiracy under investigation. The background information in the affidavit indicated that Gray was involved with Henderson, the alleged head of the cocaine organization, and contained specific detail about the way Gray's residence was used in the drug network. There was good reason to believe that the drug sale which Robertson had witnessed at 203 W. Moore Street a month earlier would reoccur and that drugs would continue to be stored at this location. It was thus reasonable for the magistrate to find that there was probable cause to believe that evidence of contraband and the fruits and instrumentalities of the ongoing criminal conspiracy to distribute cocaine was located at Gray's residence.
 
 
 12
 Defendant Gray argues that the reliability of Robertson as in informant was suspect as he was under arrest and motivated to give the police information and could have named any house in the city of Flint, Michigan, as a Johnny Henderson drug house. We find this argument to be without merit. The information in the affidavit was corroborated by a Flint policeman, who on February 12, 1988, had received information from a reliable source that 906 W. Moore Street was used by Johnny Henderson to store and distribute cocaine. The corroboration through other sources of information "reduced the changes of a reckless or prevaricating tale," Gates, 462 U.S. at 244-45 (quoting Jones v. United States, 362 U.S. at 271) and bolstered the reliability of the informant's information. Moreover, even if there is some doubt as to informant's motives, his explicit and detailed description of alleged wrongdoing, along with his statement that the events were observed firsthand, entitles his information to be given "greater weight than might otherwise be the case." Gates, 462 U.S. at 234.
 
 
 13
 Defendant Gray also argues that there were no exigent circumstances for the immediate issuance of a warrant before further investigation except for the speculative possibility that the search of various houses earlier on February 16, 1988, would lead to the destruction of evidence at 906 W. Moore Street. We find no merit in this argument. It was reasonable for the magistrate to infer that Gray could have been alerted by the earlier searches and would take steps to conceal or destroy evidence. Rather than proceed with a warrantless search, the police took the middle course and immediately sought a warrant. In light of the general policy favoring the warrant process, Gates, 462 U.S. at 236, the use of the exclusionary rule, the purpose of which is to deter unlawful police conduct, would be unwarranted in these circumstances. United States v. Savoca, 761 F.2d 292, 295 (6th Cir.), cert. denied, 474 U.S. 852 (1985).
 
 
 14
 We hold that the information contained in the affidavit gave the issuing magistrate a substantial basis for concluding that a search would uncover evidence of wrongdoing. Therefore, the issuing magistrate had probable cause for issuing the search warrant, and the district court correctly denied Gray's suppression motion. Accordingly, the order of the district court is AFFIRMED.