972 F.2d 344
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Donovan THOMPSON, Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
Paul Gary Watson, Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
James Williamson, Defendant-Appellant.
 Nos. 91-5052, 91-5053, 91-5054.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 14, 1991
Decided: August 3, 1992
 
 Appeals from the United States District Court for the District of South Carolina, at Orangeburg.
 Cameron B. Littlejohn, Jr., LEWIS, BABCOCK, PLEICONES & HAWKINS, Columbia, South Carolina, for Appellant Thompson.
 Susan Z. Hitt, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant Watson.
 Kenneth M. Mathews, SCOTT & MATHEWS, P.A., Columbia, South Carolina, for Appellant Williamson.
 E. Bart Daniel, United States Attorney, David J. Slattery, Assistant United States Attorney, Columbia, South Carolina, for Appellee.
 D.S.C.
 AFFIRMED.
 Before WIDENER, WILKINSON, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Following a jury trial, Donovan A. Thompson, Paul Gary Watson, and James Williamson were convicted of possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c) (West 1985 & Supp. 1991), and each was sentenced to sixty months in prison and a three-year term of supervised release. Watson, Thompson, and Williamson appeal, challenging the validity of the search warrant which led to their arrest and the district court's imposition of terms of supervised release. We find no merit to their contentions; consequently, we affirm their convictions.
 
 Background
 
 2
 Detective Roger Heaton of the Orangeburg County Sheriff's Department applied for a warrant to search Apartment F2 of the Glenfield Apartments in Orangeburg to look for cocaine and other illegal drugs, drug paraphernalia, and documents that could identify the people in control of the areas where the items were found. In support of the search warrant Heath prepared an affidavit in which he stated: "Within the past seventy-two (72) hours a confidential and reliable informant of the Orangeburg County Sheriff's Office observed Crack Cocaine being sold from [Apartment F2 of the Glenside Apartments]." The state magistrate issued the warrant.
 
 
 3
 Five days later, eighteen law enforcement officers executed the warrant. The officers announced their presence and their reason for being there and then broke down the front door and some windows to gain access to the apartment. The police found Paul Gary Watson in one of the bedrooms holding an unloaded .38 caliber revolver. Donovan A. Thompson and James Williamson were found in the bathroom; in the bathtub the officers discovered a loaded .32 caliber pistol. After arresting the three men, the police searched the apartment and found twenty-nine packets of crack cocaine.
 
 
 4
 Watson, Thompson, and Williamson ("Appellants") were indicted in federal court for possession of a firearm during and in relation to a drug trafficking crime. The district court denied the Appellants' motion to suppress the drugs and guns seized during the search of their apartment. The jury found the Appellants guilty and the court sentenced them each to sixty months in prison and, over their objections, to three-year terms of supervised release. Appellants filed timely notices of appeal.
 
 
 5
 Appellants challenge the admissibility of the evidence of the search of their apartment and the subsequent seizure of guns and narcotics on the ground that the magistrate lacked probable cause to issue a search warrant. Deference is given to a magistrate's finding of probable cause. The duty of a reviewing court is to ensure that the magistrate had a substantial basis for concluding that probable cause existed for issuing a warrant. New York v. P.J. Video, Inc., 475 U.S. 868, 876 (1986); United States v. Blackwood, 913 F.2d 139, 142 (4th Cir. 1990).
 
 
 6
 Appellants also challenge the district court's imposition of terms of supervised release in addition to the mandatory sixty-month sentences of imprisonment. An appellate court reviews de novo whether a district court imposed a sentence in violation of law. 18 U.S.C.A. § 3742(e) (West 1985 & Supp. 1991); United States v. Daughtrey, 874 F.2d 213, 218 (4th Cir. 1989).
 
 A.Admissibility of Fruits of Search Warrant
 
 7
 The Fourth Amendment mandates that the issuing authority must have probable cause to issue a search warrant. United States v. Harris, 403 U.S. 573 (1971). There is no rigid test for a magistrate or other issuing authority to follow in determining whether probable cause exists for issuing a search warrant. Instead, the magistrate must "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that the contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983).
 
 
 8
 The affidavit upon which the magistrate issued the search warrant in this case identified the apartment where a confidential police informant had observed a crack cocaine sale within the preceding seventytwo hours. The affiant was a law enforcement officer with extensive police experience in narcotics. He noted that the confidential police informant was reliable and that "[e]very investigation this informant ha[d] been utilized in ha[d] resulted in guilty plea or conviction in court." The Appellants contend that the confidential informant's assertion that a single drug sale occurred at the apartment did not establish probable cause that such activity was ongoing.
 
 
 9
 Probable cause that criminal activity is ongoing is not necessary to justify the issuance of a search warrant. However, the affidavit supporting a search warrant must allege criminal activity occurring close enough to the time the warrant is issued to justify a finding of probable cause at that time. Sgro v. United States, 287 U.S. 206, 210 (1932). Probable cause can become stale if there is a significant lapse of time between the observed drug transaction and the issuance of the search warrant. See United States v. Button, 653 F.2d 319, 324-25 (8th Cir. 1981) (affidavit of police officer who received information about drug transactions from information over "past six months" does not show probable cause that drugs are still in the residence); cf. United States v. Reyes, 798 F.2d 380, 382 (10th Cir. 1986) (where periodic drug violations at several month intervals are alleged, five months old information upon which search warrant was issued was not impermissibly stale).
 
 
 10
 However, where no more than seventy-two hours have passed between the alleged drug transaction and issuance of a search warrant, probable cause does not become stale. United States v. Tellis, 538 F.2d 1254, 1255 (6th Cir. 1976); United States v. Missouri, 644 F. Supp. 108, 111 (E.D. Mich. 1986). Thus, here, where a reliable informant had observed a drug sale within seventy-two hours of the issuance of the search warrant, the information had not become stale and provided the magistrate with a substantial basis for concluding that probable cause existed that narcotics, drug paraphernalia, or documentation linking people to the observed crack cocaine sale would be found in the apartment.
 
 B.Supervised Release
 
 11
 The district court sentenced each of the Appellants to sixty months in prison and to three-year terms of supervised release for possession of a firearm during and in relation to a drug trafficking crime. Section 924(c)(1) provides that "[w]hoever, during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm, shall ... be sentenced to imprisonment for five years...." 18 U.S.C.A. § 924(c)(1) (West 1985 & Supp. 1991). Appellants argue that because there is a mandatory five-year sentence for their crimes, it was improper for the district court to also impose three-year terms of supervised release.
 
 
 12
 Although the mandatory five-year sentence of imprisonment is specified in § 924(c)(1), nothing is stated with respect to supervised release, as is typical with most of the federal criminal statutes. Supervised release is a separate sentence permitted by 18 U.S.C. § 3583 to be added to any term of imprisonment. Subsection (a) provides:
 
 
 13
 The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as part of the sentence a requirement that the defendant be placed on a 6350 35 4 term of supervised release after imprisonment....
 
 
 14
 And subsection (b) authorizes supervised release of three years for Class C and Class D felonies. The offenses of which appellants were convicted are Class D felonies. See 18 U.S.C. § 18 U.S.C. § 3559. Because the period of supervised release authorized by § 3583 is intended to be in addition to any term of imprisonment and supervised release is not of itself imprisonment, we conclude that § 3583 does not conflict with the mandatory prison term of § 924(c)(1).
 
 
 15
 Accordingly, the three-year periods of supervised release imposed as part of the sentences in this case were legally authorized, and the district court did not abuse its discretion in imposing them.
 
 CONCLUSION
 
 16
 The magistrate had a substantial basis for concluding that probable cause existed for issuing a search warrant for Appellants' apartment. Therefore the district court correctly declined to suppress the drugs and guns found during the search. In addition, the district court did not err by imposing terms of supervised release on Appellants in addition to their mandatory sixty-month prison sentences. Accordingly, Appellants' convictions and sentences are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED