106 F.3d 402
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Evaristo R. MARTINEZ, Defendant-Appellant.
 No. 95-3962.
 United States Court of Appeals, Sixth Circuit.
 Jan. 22, 1997.
 
 Before: NORRIS and SILER, Circuit Judges; and EDMUNDS, District Judge.*
 OPINION
 PER CURIAM.
 
 
 1
 Evaristo Martinez appeals his criminal conviction for conspiracy to distribute and possess with the intent to distribute cocaine in violation of 21 U.S.C. § 846. He also appeals his sentence of 188 months. After consideration of the record and the arguments advanced by the defendant, we affirm the conviction because there was probable cause for a search warrant, and we affirm the sentence because there was sufficient evidence that Defendant's activities involved over fifteen kilograms of cocaine.
 
 I.
 
 2
 The facts are set forth in detail in the briefs of the parties and need not be repeated here. A district court's findings of fact on a motion to suppress evidence are reviewed for clear error and its conclusions of law are reviewed de novo. United States v. Shamaeizadeh, 80 F.3d 1131, 1135-36 (6th Cir.1996). In reviewing a magistrate's issuance of a warrant the court must determine whether, in the totality of the circumstances, "the magistrate had a substantial basis for concluding that 'a search would uncover evidence of wrongdoing.' " United States v. Sonagere, 30 F.3d 51, 53 (6th Cir.) (quoting Illinois v. Gates, 462 U.S. 213, 236 (1983)), cert. denied, 115 S.Ct. 531 (1994).
 
 A.
 
 3
 Defendant first argues that the affidavit in support of the search warrant for his apartment and business was insufficient to create probable cause because the police surveillance failed to show any evidence of drug trafficking or other suspicious activities. His argument is based on this Court's holding in United States v. Leake, 998 F.2d 1359 (6th Cir.1993), where a tip from an anonymous informant was found insufficient to create probable cause because the informant had no proven record of reliability and the tip was not corroborated by any additional evidence.
 
 
 4
 Leake is distinguishable, because that case involved only one informant with no proven record of reliability. Here, there were six separate informants. Two of them had provided reliable information in the past which led to drug seizures. Three had made statements against their penal interests.[1] The six different sources corroborated one another's stories. Further, the search warrant was issued in order to search for evidence of money laundering crimes. At the time of his arrest, defendant stated that he could only be arrested for not paying his taxes. Thus his own statement could be used as corroboration of a search warrant for evidence of illegal money laundering.
 
 
 5
 The government investigation during a prior search also provided corroboration. A roll of film with the Defendant's picture on it was found hidden in a secret compartment underneath the kitchen floor in the Rockway Garden Apartments, along with a box from a scale typically used for weighing drugs. Based on the totality of the information which the affidavit described, the Magistrate properly found probable cause.
 
 B.
 
 6
 The Defendant also claims that the affidavit was insufficient to support the search warrant because none of the informants mentioned the Valley Forge Street apartment, where Defendant apparently moved after living in the Rockway Garden Apartments. He also claims that there was insufficient information in the affidavit to support a search of his business because the government surveillance provided no evidence of drug sales, money laundering, or a conspiracy at that location.
 
 
 7
 The nexus between the place to be searched and the items to be seized may be established by the nature of the items and normal inferences as to where a person would keep such items. United States v. Rosenbarger, 536 F.2d 715, 719 (6th Cir.1976), cert. denied, 431 U.S. 965 (1977). For example, it has been held reasonable to infer that known drug dealers are likely to keep drugs in their homes. United States v. Missouri, 644 F.Supp. 108, 111 (E.D.Mich.1986). Further, where there is probable cause to believe that an individual has committed a crime, one may reasonably conclude that it is likely his home contains evidence of the crime. United States v. Jones, 994 F.2d 1051, 1055-56 (3d Cir.1993).
 
 
 8
 In United States v. Davidson, 936 F.2d 856 (6th Cir.1991), this Court upheld a search even though no actual drug sales had been witnessed at a defendant's residence. We found that the defendant's conduct created a fair probability that he was engaged in drug trafficking. This Court allowed the search of defendant's residence because it was likely that evidence of drug trafficking would be found there. "[A] [M]agistrate is permitted to draw reasonable inferences about where evidence is likely to be kept based on the nature of the evidence and the type of the offense." Id. at 860 (citing United States v. Terry, 911 F.2d 272, 275 (9th Cir.1990)).
 
 
 9
 In this matter, the search warrant was valid because it sought information regarding business and financial records, and such records are typically found in either a residence or place of business. It was reasonable for the Magistrate to infer that evidence of drug trafficking and money laundering would be found in Martinez's new apartment and place of business. Two sources indicated that Defendant used his business as a money laundering operation for his drug profits. Further, there was evidence from several sources that Defendant engaged in illegal activities in his prior apartment in the Rockway Gardens. When Defendant moved to a new apartment, probable cause moved with him.
 
 C.
 
 10
 The Defendant also claims that the timing of the warrant is suspect because the affidavit lacks significant information regarding his activities after June, 1994. The affidavit concentrates mostly on Defendant's actions during 1992, 1993, and the first half of 1994.
 
 
 11
 As with most probable cause issues, there is no bright line rule for determining staleness of information. "[T]he function of the staleness test in the search warrant context is not to create an arbitrary time limitation within which discovered facts must be presented to a magistrate." United States v. Canan, 48 F.3d 954, 959 (6th Cir.1995), cert. denied, 116 S.Ct. 716 (1996) (quoting United States v. Henson, 848 F.2d 1374, 1382 (6th Cir.1988), cert. denied, 488 U.S. 1005 (1989)). Rather, the court should consider the nature of the crime. Id. "[I]nformation which demonstrates a chain of related events covering a broad span of time continuing to the current period may furnish a most reliable indicia of present activity, thereby clearly demonstrating that probable cause exists...." Henson, 848 F.2d at 1382.[2] Finally, even though time may have passed since the reported criminal activity, "it may be properly inferred that indicia of criminal activity will be kept for some period of time." Canan, 48 F.3d at 959.
 
 
 12
 The information upon which the warrant was obtained demonstrated that Defendant engaged in drug sales over a two year period. The informants' tips establish evidence of a continuous operation from late 1992 through mid-1994. Although there was less information on Defendant's activities in the months just preceding the issuance of the search warrant, the totality of the information contained in the affidavit provided a substantial basis for the finding of probable cause. Further, because the search warrant specified that the authorities were looking for evidence of financial records and information, there is a greater likelihood that such information would remain in existence long after the drugs were sold. Moreover, the Defendant's own statement at his arrest in late November that he could only be arrested "for not paying his taxes" provided additional, recent information that served as a basis for the warrant. For these reasons, the Defendant's argument that the search warrant was based on stale information lacks merit.
 
 III.
 
 13
 Defendant also appeals his sentence of 188 months, claiming there was insufficient evidence to support the district court's determination that his activities involved between fifteen and fifty kilograms of cocaine. A trial court's determination of the quantity of drugs for which a defendant is accountable is a question of fact, and it will be accepted unless clearly erroneous. United States v. Miller, 910 F.2d 1321, 1327 (6th Cir.1990), cert. denied, 498 U.S. 1094 (1991). Where the court is uncertain about the amount of drugs that are involved, it must err on the side of caution in determining the amount. United States v. Walton, 908 F.2d 1289, 1302 (6th Cir.), cert. denied, 498 U.S. 906 (1990).
 
 
 14
 Both sides concede that the testimony showed that Defendant was dealing one kilogram of cocaine per week, and that three of every four kilograms were cut to make 2.5 kg. The parties dispute the number of weeks the Defendant was involved in the conspiracy to distribute cocaine.
 
 
 15
 Defendant argues there was insufficient evidence at trial to find that more than fifteen kilograms of cocaine were attributable to him. This argument is based entirely upon a single statement, made by Jose Perez on cross-examination. Perez testified that he lived with Martinez for approximately one to two months, during which time the defendant dealt approximately one kilogram of cocaine a week. Thus, Defendant contends that only 8.5 kg of drugs were involved in the conspiracy.
 
 
 16
 Other parts of Perez's testimony, however, cast doubt on Defendant's argument. Perez testified that Defendant began trafficking cocaine in September of 1992. He also testified that Defendant received one kilogram of cocaine each week in November of 1992. Further, there was testimony from other witnesses that the conspiracy began as early as October, 1992, and lasted into April, 1993. Based on the testimony heard from all the witnesses, the trial court's computation of the amount of drugs involved was appropriate.
 
 IV.
 
 17
 For the foregoing reasons, the decision of the district court is hereby AFFIRMED.
 
 
 
 *
 The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Several of the informants had firsthand dealings with Martinez. Their stories corroborate one another because several of them mention the same location, the Rockway Garden Apartments. All of the informants describe Martinez engaging in illegal drug sales during a similar time period. Several informants identify the same source of Defendant's drug supply. See United States v. Ellison, 793 F.2d 942 (8th Cir.) (holding that warrant to search cult group's compound was based on probable cause where seven informants of unknown reliability all provided similar corroborating information), cert. denied, 479 U.S. 937 (1986)
 
 
 [2]
 See also Andresen v. Maryland, 427 U.S. 463, 478 n. 9 (1975) (finding that three month delay between transaction and search warrant did not negate probable cause); United States v. Word, 806 F.2d 658, 662 (6th Cir.1986) (holding that information regarding illegal sale of prescription drugs that was from one to ten months old was not stale), cert. denied, 480 U.S. 922 (1987)